ORIGINAL

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

FILED
AUG 2 2007
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **JEFFREY B. KING, SCOTT A. AUSTIN, KEVIN J. HARRIS, and JOHN J. HAYS,** for themselves and on behalf of all others similarly situated, | |
| **PLAINTIFFS** | Case No. 07-589 C |
| **v.** | |
| **UNITED STATES OF AMERICA,** | |
| **DEFENDANT** | |

**CLASS COMPLAINT FOR JUST COMPENSATION AND DAMAGES**

1. Plaintiffs, Federal Bureau of Investigation (FBI) Police Officers nationwide, bring this action for themselves and all others similarly situated against the United States of America pursuant to 28 U.S.C.A. § 540C which increased Plaintiffs' salaries effective January 1, 2003. The United States has never increased Plaintiffs' salaries in accordance with the statute, and thus pursuant to the Back Pay Act of 1996, the Plaintiffs are entitled to recover just compensation, back pay, attorney's fees, and any other necessary restitution owed to them.

**PARTIES AND JURISDICTION**

2. Plaintiffs Jeffrey B. King, Scott A. Austin, Kevin J. Harris, and John J. Hays, and all others similarly situated, are employed as FBI Police Officers providing protective security for FBI personnel and facilities nationwide and performing law enforcement duties at and around FBI facilities.

3. Plaintiff Jeffrey B. King was hired by the FBI in Clarksburg, West Virginia, on April 27, 1997, and became an FBI Police Officer on July 18, 1999. At the time of this complaint, Mr. King is paid at the GS-8, step 6, level. Mr. King has never been paid in accordance with 28 U.S.C.A. § 540C.

4. Plaintiff Scott A. Austin was hired by the FBI in Clarksburg, West Virginia on February 14, 1994, and became an FBI Police Officer on April 27, 1997. Since April 17, 2001, Mr. Austin has been paid at the GS-8 level. Mr. Austin's only salary increases since 2001 have been regularly incurred step increases and annual increases. At the time of this complaint, Mr. Austin is paid at the GS-8, step 7, level. Mr. Austin has never been paid in accordance with 28 U.S.C.A. § 540C.

5. Plaintiff Kevin J. Harris was hired by the FBI in Clarksburg, West Virginia, on February 18, 1997, and became an FBI Police Officer on August 27, 2000. From January 1, 2003, through the time of this complaint, Mr. Austin's salary is at the GS-8 level. Mr. Harris is now paid at the GS-8, step 5, level. Mr. Harris' only salary increases since 2003 have been regularly incurred step increases and annual increases. Mr. Harris has never been paid in accordance with 28 U.S.C.A. § 540C.

6. Plaintiff John J. Hays was hired by the FBI in Clarksburg, West Virginia, on January 27, 1997, and became an FBI Police Officer on August 15, 1999. At the time of this complaint, Mr. Hays is paid at the GS-8, step 6, level. Mr. Hays' only salary increases since 2003 have been regularly incurred step increases and annual increases. Mr. Hays has never been paid in accordance with 28 U.S.C.A. § 540C.

7. The FBI is a bureau within the Department of Justice, an Executive Department of the United States.

8. This Court has jurisdiction of this case under 28 U.S.C. § 1491 (the Tucker Act) as a "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . ." The statutory basis for invoking jurisdiction is 28 U.S.C.A. § 540C which specifies a salary to be paid to Plaintiffs, and therefore is considered a money-mandating provision.

## CLASS ACTION ALLEGATIONS

9. This complaint is filed on behalf of the named Plaintiffs and all of the FBI Police Officers currently employed or employed during any period of time from January 1, 2003, to the present, which is estimated to number approximately 400 to 500 individuals. As used herein, "Plaintiffs" refers to the named Plaintiffs and the class they represent.

10. This complaint involves common questions of law and fact, and the claims and relief requests of the named Plaintiffs are typical of the claims of the class. The named Plaintiffs will adequately and fairly protect the interests of the class, and they are represented by legal counsel who have represented classes in the past.

11. The actions of the Defendant in failing to provide mandated pay and benefits have generally affected the entire class, thus making final relief appropriate with respect to the class as a whole. The common questions of law and fact involved in this action thus predominate over individual questions, if any. Class action treatment is the superior method for fair and efficient adjudication of this controversy because it permits numerous persons to prosecute their common claims jointly in a single forum and thus avoids unnecessary duplication. A class action provides an efficient, manageable method to adjudicate fairly the rights and obligations of the named Plaintiffs and class members.

## STATEMENT OF FACTS

12. On November 2, 2002, the President signed into effect 28 U.S.C.A. § 540C, the FBI Reform Act, as an amendment to Chapter 33 of Title 28.

13. Senator Patrick Leahy introduced the FBI Reform Act of 2002, on February 28, 2002. While introducing the bill, Senator Leahy stated, "Title IV of the Act provides long overdue statutory authorization for a permanent FBI Police force, to protect critical FBI facilities. It would provide the men and women who currently guard the highest risk targets with the same pay and benefits as members of the Uniformed Division of the United States Secret Service. Today the FBI police force operating under delegated authority from the General Services Administration has been unable to retain skilled personnel at a rate commensurate with the threat and the need for experienced leadership. The FBI Reform Act would bring the FBI police force generally into line not only with the Uniformed Division of the Secret Service, but also with the Capitol Police and the Supreme Court police."

14. 28 U.S.C.A. § 540C defines the term "FBI Police" as the permanent police force established to perform such duties as the Director may prescribe in connection with the protection of persons and property within FBI buildings and grounds. The Director, or designated representative duly authorized by the Attorney General, may appoint uniformed representatives of the FBI as FBI Police for duty in connection with the policing of all FBI buildings and grounds.

15. Each Plaintiff and class member is a member of the FBI Police force as that term is defined in 28 U.S.C.A. § 540C.

16. Moreover, 28 U.S.C.A. § 540C(5)(A) states, "The rates of basic pay, salary schedule, pay provisions, and benefits for members of the FBI Police shall be equivalent to the rates of basic

pay, salary schedule, pay provisions, and benefits applicable to members of the United States Secret Service Uniformed Division."

17. 28 U.S.C.A. § 540C(5)(B) explains that pay and benefits provided for the FBI Police under subparagraph (A), "(i) shall be established by regulation; (ii) shall apply with respect to pay periods beginning after January 1, 2003; and (iii) shall not result in any decrease in the rates of pay or benefits of any individual."

18. Pay administration for the United States Secret Service Uniformed Division is covered by Chapter 5 of Title 5 of the Code of the District of Columbia.

19. Beginning on January 1, 2003, and continuing through the present, the United States has not complied with 28 U.S.C.A. § 540C by failing to increase the Plaintiffs' rates of basic pay, salary schedule, pay provisions, and benefits to be equivalent to those afforded to members of the United States Secret Service Uniformed Division.

**CAUSE OF ACTION**

20. The Plaintiffs adopt and incorporate by reference paragraphs 1-19 above.

21. The Plaintiffs have, since January 1, 2003, and continuing to the present, been paid less than 28 U.S.C.A. § 540C affords them.

22. 28 U.S.C.A. § 540C confers a substantive right for money damages against the United States by specifying a salary to be paid to individuals for their work.

23. The Back Pay Act of 1966, 5 U.S.C.A. § 5596(b)(1) provides that an employee of an agency who, on the basis of a timely appeal . . . is found by appropriate authority under applicable law, rule, [or] regulation . . . to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee is entitled . . . to receive for the period for which the

personnel action was in effect: (i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period; and (ii) reasonable attorney fees related to the personnel action which . . . shall be awarded in accordance with standards established under section 7701(g) of this title . . . ."

24. The United States' failure to confer a mandatory upgrade in Plaintiffs' salary which they are entitled to receive by statute constitutes an unjustified or unwarranted personnel action resulting in a reduction of pay for which relief is owed under the Back Pay Act.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs request judgment against the United States as follows:

A. Back pay and benefits, with interest, owed from January 1, 2003.

B. Pay increases pursuant to 28 U.S.C.A. § 540C.

C. Reasonable attorneys' fees and costs.

D. Such other relief as the Court may deem just and proper.

Respectfully submitted,

Sandra Mazliah
Edward H. Passman
PASSMAN & KAPLAN, P.C.
1090 Vermont Avenue, N.W., Suite 500
Washington, D.C. 20005
TEL: (202) 789-0100
FAX: (202) 789-0101

Attorney for the Plaintiffs