# EXHIBIT 8

**U.S. Department of Justice**

*Washington, D.C. 20530*

JAN 1 3 2004

MEMORANDUM

TO: Patrick G. Findlay, Section Chief
Facilities Management Section
Administrative Services Division
Federal Bureau of Investigation

FROM: Ronald L. Deacon, Director
Facilities and Administrative
Services Staff
Justice Management Division

SUBJECT: Delegation of Authority Document

Attached is a signed copy of the Delegation of Authority document incorporating the new procedural procedures for J. Edgar Hoover Building. Additionally, as of January 24, 2003, the General Services Administration's (GSA) statutory obligation to provide law enforcement and security services in public buildings was transferred to the Department of Homeland Security (DHS) pursuant to the DHS Act of 2002 (Public Law 107-296). The Secretary of DHS has directed that GSA's existing delegations of law enforcement and security services remain in effect until such time as he may revoke or supersede such delegations.

If you have any questions concerning this issue, please contact Mr. Jon Leavitt of my staff on 202-616-3916.

Attachment

# DELEGATION OF AUTHORITY FOR THE J. EDGAR HOOVER BUILDING FROM GENERAL SERVICES ADMINISTRATION TO THE DEPARTMENT OF JUSTICE

In accordance with 40 U.S.C. § 121 (d) and (e) (formerly subsections 205(d) and (e) of the Federal Property and Administrative Services Act of 1949, as amended, 40 U.S.C. 486 (d) and (e) respectively), and 40 U.S.C. § 3313 (formerly section 15 of the Public Buildings Act of 1959, as amended, 40 U.S.C. 614), I hereby delegate and authorize successive redelegation of the authority identified in paragraph 1 below to the Department of Justice (the "Agency") subject to the following terms and conditions and the attached "Standard Operating Procedures for Delegated Government-Owned Real Property" (Attachment 1), which is incorporated herein by reference.

1. Authority Delegated. The authority under section 2 of Reorganization Plan No. 18 of 1950, 15 F.R. 3177, 64 Stat. 1270 (40 U.S.C. § 301 note) (formerly at 40 U.S.C. 490 note); 40 U.S.C. § 581 (formerly section 210(a) of the Property Act, 40 U.S.C. 490(a)); and 40 U.S.C. § 3305 (formerly section 4 of the Public Buildings Act, 40 U.S.C. 603), to operate, maintain, protect, and alter the J. Edgar Hoover Building (DC0090ZZ), located at 935 Pennsylvania Avenue, NW, Washington, DC (the "Building"). The Agency agrees to the terms and conditions of the attached Standard Operating Procedures. As such, the Standard Operating Procedures may be amended or modified by the General Services Administration (GSA) from time to time unless the Agency objects within ninety days of being notified of such changes.

In Government-owned space, the Agency is responsible for operating and maintaining the property, unless otherwise stated in this Agreement. These responsibilities include:

A. Cleaning
B. Operating and maintaining the Building
C. Ordering and paying for utilities
D. Altering space including abatement work, if necessary. For alterations in excess of $250,000, the Agency must notify GSA.
E. Overseeing fire and life safety
F. Providing concessions services through a full concessions delegation
G. Assigning and utilizing space in the Agency's delegated space perimeters

GSA retains certain responsibilities in Government-owned space. These responsibilities include:

A. High voltage switch gear and fire alarm maintenance
B. Periodically assessing customer agency stewardship, overall physical condition of the Building, and the Agency's ability to deliver services
C. Replacing equipment and modernizing the Building
D. Preparing and submitting required prospectuses for congressional approval, with the Agency's input

E. Where possible, providing technical assistance and consulting services, which may be subject to reimbursement, to the Agency to supplement its capability
F. Acquiring space, including leasing space, unless the Agency has this responsibility through a separate arrangement
G. Conserving artwork

2. GSA Quality Assurance Program. GSA will use a quality assurance program to monitor the Agency's performance under this Delegation. If GSA determines that the Agency is not in compliance with the terms and conditions of this Delegation, GSA and the Agency shall develop a corrective action plan. If the Agency's performance does not improve, GSA may terminate this Delegation, in whole or in part, under paragraph 3, Termination.

3. Termination. The GSA Administrator or the head of the Agency may terminate this Delegation in whole or in part, upon 120 days prior written notice to the other party. Upon any termination, the Agency shall be responsible for paying full-service Rent to GSA for the Building.

4. Disputes. The appropriate GSA Regional Administrator shall resolve any dispute arising under this Delegation that is not resolved by mutual agreement and shall provide the decision in writing to the Agency. The Regional Administrator's decision shall be final unless the head of the Agency provides a written appeal to the Administrator within thirty calendar days after receiving the decision. The Agency's appeal shall state the basis for the Agency's position. The Administrator's decision will be issued within thirty calendar days after receipt of the appeal. The Administrator's decision shall be final. Pending a final decision on any dispute, this Delegation shall remain in effect.

5. Effective Date. This Delegation is effective on the date of Agency acceptance below. This Delegation shall remain in effect for the term of the Occupancy Agreement for the Building unless it is terminated as provided under paragraph 3, Termination.

Delegated by: ______________________ Date: 11-06-03
Stephen A. Perry
Administrator of General Services

Accepted by: ______________________ Date: 11-28-03
Paul R. Corts
Assistant Attorney General for Administration
Department of Justice