# EXHIBIT 9

IN THE UNITED STATES COURT
OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JEFFREY B. KING, et al, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No: 07-CV-0589 |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DECLARATION OF ROLAND J. CORVINGTON**

Roland J. Corvington, pursuant to 28 U.S.C. § 1746, declares the following:

(1) I am currently Assistant Director, Security Division, Federal Bureau of Investigation. I have held that position since August 15, 2007.

(2) In my current capacity as Assistant Director, Security Division, I serve as the Security Program Manager for the Federal Bureau of Investigation. In this capacity, I oversee security operations for the Federal Bureau of Investigation. One of the sections under the supervision of the Deputy Assistant Director, Security Division, is the Security Operations Section. The Section Chief of the Security Operations Section supervises the FBI Police Unit in addition to five other units. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Until recently, the General Services Administration ("GSA") was vested with the authority to provide security at federal buildings under 40 U.S.C. § 318. Pursuant to that authority, in 1971 the GSA established the Federal Protective Service to protect federal buildings. With respect to protection services for certain FBI facilities, GSA delegated its authority to the Department of Justice ("the Department"). See, e.g., Renewal of Authority For Building Operations and Management of Real Property (1994), Section 5.E.(3) (providing "[t]he Attorney General, Department of Justice is authorized to appoint uniformed guards (with arrest authority) under the authority vested in the Administrator of General Services (40 U.S.C. § 318)") & Appendix I, Figure A (J. Edgar Hoover ("JEH") building) (EXHIBIT 1); Delegation of Authority from GSA to Attorney General (1993) (relating to the FBI facility housing the Criminal Justice Information Services (CJIS) Division in Clarksburg, WV) (EXHIBIT 2).

(4) The Department of Justice redelegated that authority to the FBI. See, e.g., Memorandum for FBI Director Louis Freeh from Assistant Attorney General for Administration Stephen R. Colgate (1995) (regarding redelegation of authority to FBI for JEH building) (EXHIBIT 3); Memorandum for FBI CJIS Assistant Director G. Norman Christensen from AAG Colgate (1993) (regarding redelegation of authority to FBI for facility housing CJIS in Clarksburg, WV) (EXHIBIT 4). Pursuant to that delegated authority, the FBI established the FBI Police. In 1987 or 1988, under 40 U.S.C. § 318, officers who had been assigned to the JEH building were sworn in as FBI Police Officers under the management of the FBI's Administrative Services Division. See generally Position Evaluation Statement (1988) (redescribing Guard GS 0085 position series as Police Offices GS 0083 position series) (EXHIBIT 5). GSA has authorized successive delegations of authority to the Department and, in turn, the FBI, for protection services at certain FBI facilities. See, e.g., Delegations of Authority from GSA to the Department of Justice, dated December 22, 1998, November 28, 2003 (EXHIBIT 6 & 7).

(5) With the passage of the Homeland Security Act of 2002, Congress transferred various government agencies to the newly created Department of Homeland Security (DHS). Congress also transferred the vested authority of GSA to provide security at federal buildings to DHS. To reflect that transfer of authority, Congress recodified 40 U.S.C. § 318 to 40 U.S.C. 1315. The savings provision of the Homeland Security Act establishes that the authority GSA had previously delegated to the Department was not affected by the transfer. See 6 U.S.C. § 552 (providing that "[c]ompleted administrative actions of an agency shall not be affected by the enactment of this chapter or the transfer of such agency to the Department, but shall continue in effect according to their terms until amended,, modified, superseded, terminated, set aside, or revoked in accordance with law by an officer of the United States or a court of competent jurisdiction, or by operation of law"); see also Memorandum from the Department to the FBI, dated January 13, 2004 ("The Secretary of DHS has directed that GSA's existing delegations of law enforcement and security services remain in effect until such time as he may revoke or supersede such delegations.") (EXHIBIT 8). Thus, by operation of law and the savings provision of the Homeland Security Act, the FBI Police currently derives its authority from 40 U.S.C. § 1315 at certain FBI facilities.

(6) The current authority of FBI Police Officers may derive from different sources depending on the location to which officers are assigned. FBI Police Officers at the JEH Building, the Criminal Justice Information Services (CJIS) complex in Clarksburg, West Virginia, and the FBI Washington Field Office operate under authority delegated to the FBI originally from the GSA. FBI Police Officers in the FBI New York Field Office and at the FBI Academy in Quantico, Virginia are deputized by the United States Marshals Service (USMS). There is no authority for the FBI Police to protect other FBI facilities absent deputation by the USMS.

(7) On November 11, 2002, Congress enacted legislation which authorized the Director of the FBI to "establish" a permanent police force, to be known as the FBI Police. See 21st Century Department of Justice Appropriations Authorization Act, Pub. L.107-273, §

11024(a), 116 Stat 1758, 1830 (2002), codified at, 28 U.S.C. § 540C (entitled "FBI Police"). If the Director implemented this authority, the legislation provides that FBI Police Officers would receive pay and benefits equivalent to members of the U.S. Secret Service Uniformed Division (SSUD), and the officers would have been granted authority at all FBI facilities in the United States.

(8) When 28 U.S.C. §540C was enacted, the FBI took steps to prepare to implement its provisions; however, the Office of Personnel Management (OPM) and the Office of Management and Budget (OMB) raised concerns with respect to the implementation of the law. OPM observed that the law failed to address certain issues relating to the retirement systems. Accordingly, the FBI determined that implementation of the law would not be feasible given the potential fiscal impact that the retirement system issues created. As a result, no portion of the law was implemented.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of October 2007.

Roland J. Corvington
Assistant Director, Security Division
Federal Bureau of Investigation
Washington, D.C.