IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JEFFREY B. KING, SCOTT A. AUSTEN, KEVIN J. HARRIS, AND JOHN J. HAYS, | ) | |
| Plaintiffs, | ) | No. 07-589C (Judge Hewitt) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARTIN J. HOCKEY, JR.
Assistant Director

CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice

# TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………...……………….………….iii

ARGUMENT…………………………...……………………………………………1

I. Standard Of Review ………………………………………………………………1

II. Plaintiffs' Complaint Should Be Dismissed Because The Necessary Money-Mandating Predicate Does Not Exist To Invoke This Court's Jurisdiction………2

A. 28 U.S.C. §540C Is Not Money-Mandating…...………………………....2

B. Plaintiffs Have Not Shown That The FBI Has Implemented Section 540C…………………………………………………………...…5

III. Plaintiffs Have Not Demonstrated That This Court Possesses Jurisdiction To Make Determinations Of Prohibited Personnel Practices Or Grant Relief Pursuant To The Back Pay Act………………………………..……………11

CONCLUSION……………………………………………………………..……12

## TABLE OF AUTHORITIES

### CASES

Catellus Development Corp. v. United States,
31 Fed. Cl. 399 (1994) ....................5

Doe v. United States,
463 F.3d 1314 (Fed. Cir. 2006)....................4

Fausto v. United States,
484 U.S. 439 (1988)....................11, 12

Great S. Fire Proof Hotel Co. v. Jones,
177 U.S. 449 (1900)....................1

Hambsch v. United States,
848 F.2d 1228 (Fed. Cir. 1988)....................11

Lamear v. United States, 9 Cl. Ct. 562 (1986)....................5

KVOS Inc. v. Associated Press,
299 U.S. 269 (1936)....................2

Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan,
111 U.S. 379 (1884)....................1

McNutt v. GMAC,
298 U.S. 178 (1936)....................2

Rocovich v. United States,
933 F.2d 991 (Fed. Cir. 1991)....................2

Steel Co. v. Citizens for a Better Env't,
523 U.S. 83 (1998)....................1, 2

In re United States,
463 F.3d 1328 (Fed. Cir. 2006)....................4

United States v. Connolly,
716 F.2d 882 (Fed. Cir. 1983)....................11

United States v. Testan,
424 U.S. 392 (1976)....................2

Williams v. Sec'y of the Navy,
787 F.2d 552 (Fed. Cir. 1986)......................................................................................1

**STATUTES AND REGULATIONS**

5 U.S.C. § 5596..........................................................................................................11

6 U.S.C. § 203 ............................................................................................................7

6 U.S.C. § 232 ............................................................................................................7

6 U.S.C. § 552 ............................................................................................................8

18 U.S.C. § 926B .......................................................................................................10

28 U.S.C. §540C ................................................................................................ passim

28 U.S.C. § 1491..........................................................................................................2

40 U.S.C. § 1315................................................................................................ passim

40 U.S.C. § 581............................................................................................................8

41 C.F.R. § 102-81.10....................................................................................................9

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JEFFREY B. KING, SCOTT A. AUSTEN, KEVIN J. HARRIS, AND JOHN J. HAYS, | ) | |
| Plaintiffs, | ) | No. 07-589C (Judge Hewitt) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 7.1(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply in response to plaintiffs' opposition to the Government's motion to dismiss the complaint in this action. We rely upon the complaint, our motion to dismiss and its attachments, and this brief. We established in our motion that the complaint should be dismissed because the facts set forth in the complaint, and the statutes cited therein, do not establish that this Court possesses subject matter jurisdiction to entertain this action.

ARGUMENT

I. Standard Of Review

When subject matter jurisdiction is at issue, "federal courts have the power, and the duty, to determine their own jurisdiction." Williams v. Sec'y of the Navy, 787 F.2d 552, 557 (Fed. Cir. 1986). As the Supreme Court has often recognized, "the first and fundamental question is that of jurisdiction." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (quoting Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453 (1900)); Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884). Any serious issue as to a court's jurisdiction

must be resolved before that court can render a judgment on the merits, see Steel Co., 523 U.S. at 93-102, (rejecting the resolution of merits questions under assumed or "hypothetical jurisdiction"), and if there is a lack of subject matter jurisdiction, the case must be dismissed. See, e.g., KVOS Inc. v. Associated Press, 299 U.S. 269, 278-80 (1936) (holding that case should be dismissed when plaintiff failed to offer evidence supporting jurisdictional allegations); Rocovich v. United States, 933 F.2d 991, 994-95 (Fed. Cir. 1991) (same). The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence. See McNutt v. GMAC, 298 U.S. 178, 189 (1936); Rocovich, 933 F.2d at 993.

## II. Plaintiffs' Complaint Should Be Dismissed Because The Necessary Money-Mandating Predicate Does Not Exist To Invoke This Court's Jurisdiction

### A. 28 U.S.C. §540C Is Not Money-Mandating

In our motion to dismiss we demonstrated that this Court did not possess jurisdiction over plaintiff's complaint because the statute they rely upon, 28 U.S.C. § 540C, is not money-mandating. Plaintiffs allege that under 28 U.S.C. § 540C, Congress has mandated that the FBI police "shall" receive equivalent pay and benefits as members of the United States Secret Service Uniformed Division, and, thus, the Court's jurisdiction lies under the 28 U.S.C. § 1491 (the "Tucker Act"). Complaint 8. The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages," and to establish a Tucker Act claim, a plaintiff must identify a constitutional provision, statute, regulation, or contract that independently creates a substantive right to money damages. United States v. Testan, 424 U.S. 392, 400 (1976). In this case, however, section 540C cannot be considered to create a substantive right to money damages because the statute was never

implemented into law. Section 540C does not mandate pay and benefits to plaintiffs absent the exercise by the Director of the FBI of the statute's authority. See Defendant's Motion to Dismiss at 10-12. The Director did not exercise his discretion to implement section 540C, and therefore plaintiffs were not "FBI Police" as defined in that statute. Id.; see also Affidavit of Roland J. Covington, Assistant Director, Security Division, Federal Bureau of Investigation (attached to Defendant's Motion to Dismiss at Exhibit 9). Accordingly, section 540C cannot mandate pay and benefits to plaintiffs, and thus is not money-mandating such that this Court has jurisdiction.

Plaintiffs respond that "the crux of Defendant's argument is that Plaintiffs lack jurisdiction because the Director had discretion to establish the FBI Police or not, and opted not to establish the FBI police under the statute," and that this discretionary "condition precedent" argument has been rejected by the United States Court of Appeals for the Federal Circuit. Pl. Br. at 15. Plaintiffs misstate and oversimplify the Government's position. In our motion to dismiss we established that section 540C is discretionary statute,[1] and argued that a statute is not money-mandating when it gives the government complete discretion over the decision whether or not to pay an individual or group. However, our argument is not that plaintiffs' complaint fails to establish jurisdiction because it contains a condition precedent, but rather that the plaintiffs' complaint lack jurisdiction because the Director of the FBI did not establish the FBI police, and as such, no one could be entitled to money damages under the statute.

---

[1] 28 U.S.C. § 540C(4)(A) authorizes the Director to establish a permanent police force with the duties "as the Director may prescribe [as approved by the Attorney General] in connection with the protection of persons and property within FBI buildings and grounds."

Accordingly, the cases relied on by plaintiffs to show that the existence of a condition does not preclude a statute from being money-mandating are distinguishable from the case at hand. In the cases cited by plaintiffs, the Federal Circuit found statutes with conditions precedent to be money-mandating. See e.g., Doe v. United States, 463 F.3d 1314, 1324-1325 (Fed. Cir. 2006) (Statute providing that Department of Justice may provide overtime pay is money-mandating), In re United States, 463 F.3d 1328, 1334 (Fed. Cir. 2006) (Statute providing pay to bankruptcy judges is money-mandating despite the fact that it does not apply to plaintiff, a former bankruptcy judge). While the relevant statutes in Doe and In re United States both contained conditional language, it was clear that the statutes at issue provided for the payment of money to some employees - in Doe it was other Department of Justice attorneys, in In Re United States it was active bankruptcy judges - just not to the particular plaintiffs in the lawsuit. Accordingly the Federal Circuit found in both cases that the statute as written was money-mandating, despite a condition precedent, but that because the particular plaintiff did not meet that condition the case should be dismissed for failure to state a claim upon which relief could be granted.[2] This case is distinguishable, because the "FBI Police" contemplated by section 540C has never been established and, accordingly, section 540C has not been implemented into law. Consequently, plaintiffs have failed to identify a money-mandating basis upon which to establish this Court's jurisdiction.

[2] Accordingly, even if the Court finds section 540C to be money-mandating, plaintiffs' complaint should nevertheless be dismissed for failure to state a claim upon which relief could be granted, as the plaintiffs are not employed under this statute.

B. Plaintiffs Have Not Shown That The FBI Has Implemented Section 540C

Although the plaintiffs bear the burden of establishing the Court's jurisdiction, they have not offered, and cannot not offer, any evidence showing that the FBI has implemented the statute upon which their motion relies. Plaintiffs instead argue that there is a "material question of fact" about whether 28 U.S.C. § 540C has been implemented. This an inappropriate standard for a motion to dismiss for lack of subject matter jurisdiction. See Catellus Development Corp. v. United States, 31 Fed. Cl. 399, 405, Fn. 6 (1994) (Genuine issue of material fact standard is inappropriate for a 12(b)(1) motion); Lamear v. United States, 9 Cl. Ct. 562, 567 Fn. 6 (1986) ("the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."). Plaintiffs have the burden to show that this Court has jurisdiction, and as such must show that the statute was actually implemented. They have not done so, and because the statue was never implemented, cannot. See Affidavit of Roland J. Covington, Assistant Director, Security Division, Federal Bureau of Investigation (attached to Defendant's Motion to Dismiss at Exhibit 9)

Because plaintiffs have no concrete facts demonstrating implementation, they argue instead that the Government has provided no authority for FBI employees to police, and that this "compels the conclusion that the FBI has established the FBI police in accordance with §540C." Pl. Br. at 21. In our motion to dismiss we demonstrated that the current authority for FBI officials to police FBI property arises from the Homeland Security Act, 40 U.S.C. § 1315. In their response to our motion plaintiffs argue at great length that section 1315 does not provide authority to police FBI property, and therefore section 540C has somehow become implemented

law. Alternatively, they attempt to draw inferences from immaterial facts to argue that Director has implicitly ratified section 540C. Neither argument is availing.

Plaintiffs devote much to the argument that the FBI's General Service Authority ("GSA") derived authority to protect FBI facilities did not transfer over to the Department of Homeland Security ("DHS") and, thus, 40 U.S.C. § 1315 could not serve as authority for the functions of the FBI Police. Although we disagree with plaintiffs' reading of the statutory scheme, ultimately even under plaintiffs' reading, even if the Government was mistaken in its assertion that the current authority for the FBI police arises under section 1315, it does not follow that section 540 was therefore implemented into law. Plaintiffs have not cited authority to support the proposition that a statute that has not been implemented can somehow be constructively implemented because of a lack of alternative authority. Their logic is particularly hard to credit with regards to a law such as section 540, which if implemented would require the agency to create, regulate, and fund an entire employment scheme.[3]

Moreover plaintiffs' interpretation of the authorizing statutes is incorrect. Section 1315 does serve as authority for the FBI police. As demonstrated in our motion to dismiss, Congress transferred the obligation to provide law enforcement and security services in public buildings from the GSA to the DHS through amendment of 40 U.S.C. § 1315. As the statutory authority provides, "[t]o the extent provided for by transfers made pursuant to the Homeland Security Act of 2002, [DHS] shall protect the buildings, grounds, and property that are owned, occupied, or secured by the Federal Government (including any agency, instrumentality, or wholly owned or

[3] Indeed, the difficulty of creating such a scheme is exactly why section 540 was not implemented. See Affidavit of Roland J. Covington, Assistant Director, Security Division, Federal Bureau of Investigation (attached to Defendant's Motion to Dismiss at Exhibit 9).

mixed-ownership corporation thereof) and the persons on the property." Plaintiffs argue GSA transferred to DHS only those functions of the Federal Protective Service of GSA, "including the functions of the Administrator of General Services relating thereto." See Pl. Br. at 22-26, citing 6 U.S.C. § 203. Delegated authority to protect GSA-controlled buildings and grounds, such as that delegated to the Department of Justice ("DOJ") and FBI, were not transferred to DHS, plaintiffs argue, and section 1315 is thus not a source of their police protection. There are several reasons why this narrow reading of the statute is flawed.

First, it is undisputed that GSA created the Federal Protective Service "to protect all buildings and areas owned or occupied by the Federal Government and under the charge and control of the GSA" pursuant to 40 U.S.C. § 1315 (previously codified as 40 U.S. § 318). As we established, that authority was delegated to the DOJ and the FBI. The delegation of that authority relates to the functions of the Federal Protective Service, that is, to protect Federal buildings. There is no dispute the Congress intended to transfer the law enforcement and related security functions embodied by the Federal Protective Service, even if it allowed GSA to retain "all powers, functions, and authorities vested in [GSA] . . . that are necessary for the operation, maintenance, and protection of [Federal buildings and grounds under GSA's jurisdiction]." See 6 U.S.C. § 232.

Upon amendment to section 1315 by the Homeland Security Act, plaintiffs concede that both DHS and GSA have overlapping authority to protect GSA-controlled buildings and grounds. Pls. Brief at 7. However, the police authority (i.e. use of firearms, etc) to protect these facilities derives from section 1315. If GSA had the authority to delegate its police authority under section 1315 for GSA-controlled buildings and grounds (where otherwise it may have

used the Federal Protective Service), then most assuredly DHS has the same authority to delegate its authority under section 1315. Indeed, DHS' delegation authority is expressly provided in the law. 40 U.S.C. § 1315 note ("The Secretary may delegate authority for the protection of specific buildings to another Federal agency where, in the Secretary's discretion, the Secretary determines it necessary for the protection of that building." Pub L. 107-296, Title XVII, § 1706(b)(2), Nov. 25, 2002, 116 Stat. 2318). Thus, to the extent GSA transferred its authority under section 1315 for GSA-controlled buildings and grounds, that transfer of authority should continue in effect as if DHS had made that delegation of authority for GSA-controlled buildings and grounds. And as noted in our opening brief, this previously delegated authority to the DOJ and FBI should not have been affected by the transfer under the Homeland Security Act because of operation of the savings provision. See 6 U.S.C. § 552 (providing that "[c]ompleted administrative actions of an agency shall not be affected by the enactment of this chapter or the transfer of such agency to the Department, but shall continue in effect according to their terms until amended, modified, superseded, terminated, set aside, or revoked in accordance with law by an officer of the United States or a court of competent jurisdiction, or by operation of law"). To accept plaintiffs' argument that GSA's previously delegated authority did not otherwise transfer to DHS results in an incongruous situation whereby GSA retains that delegated authority, yet has no statutory obligation authorizing its police function. Congress could not have intended that result.

Second, another Congressional amendment by the Homeland Security Act supports our reading of the statute. The Homeland Security Act repealed the "General Authority" of the GSA, to the extent authorized by law, to "furnish arms and ammunition for the protection force

[GSA] maintains." <u>See</u> 40 U.S.C. § 581 note (formerly 40 U.S.C. § 490). Congress could not have intended to carve out GSA's authority under section 1315 for protection functions on GSA-controlled facilities and grounds, while at the same time stripping them of the ability to provide those protection services with the necessary firearm equipment. Clearly, Congress envisioned these functions transferring to DHS. In the same vein, Congress could not have intended to strip GSA's previously delegated authority under section 1315 of the very "police powers" that Congress allowed GSA to delegate.

Moreover, GSA's regulations support our reading of the statutory scheme. Under the so named "basic security policy governing Federal agencies," 41 C.F.R. § 102-81.10, GSA recognizes that protection authority under section 1315 (i.e. providing for police protection), may need a delegation of authority from DHS even for GSA controlled property. "Federal agencies on Federal property under the charge and control of the Administrator <u>and having a security delegation of authority from the Secretary of the Department of Homeland Security</u> must provide for the security and protection of the real estate they occupy, including the protection of persons within the property." 41 C.F.R. § 102-81.10 (emphasis added). That GSA's previously delegated authority under section 1315 also transferred to the purview of DHS is supported by the course of conduct of the agencies. <u>See</u> Exhibit 8 to Defendant's Motion to Dismiss ("The Secretary of DHS has directed that GSA's existing delegations of law enforcement and security services remain in effect until such time as he may revoke or supersede such delegations.").

Finally, plaintiffs offer two arguments for "ratification" of section 540, neither of which is compelling. First, plaintiffs highlight an internal FBI memorandum dated November 8, 2004,

which allowed FBI Police officers to carry weapons off-duty, to support the argument that one can draw an inference the FBI Police are acting under the authority of section 540C. They argue:

> While §540C states that FBI Police may "carry firearms as may be required for the performance of their duties," §1315 only authorizes FBI Police to "carry firearms" "while engaged in the performance of official duties." See 28 U.S.C. §540C(b)(4)(iii); 40 U.S.C. §1315. Clearly, §540C gives the FBI more latitude to determine when an officer can carry a firearm because it is "required" for the performance of her duty, while §1315 only allows the officer to carry the firearm while actually "engaged in" the performance of her duties. Therefore, the FBI policy, tracks §540C, not §1315.

Pl. Br. at 28. However, the authority to carry firearms off-duty does not derive from an interpretation of section 540C as a policy matter, but rather from the legislation that authorized this activity, Law Enforcement Officers Safety Act of 2004, Pub. L. 108-277, July 22, 2004, 118 Stat 865 (codified at 18 U.S.C. § 926B). The requirements under that legislation – of which the FBI Police clearly satisfy even under the authority of section 1315 – hardly requires the unsupported innuendo that plaintiffs' draw.

Plaintiffs also cite to instances in which the FBI has authorized use of the FBI Police under the deputation authority of the U.S. Marshals for certain non-GSA-controlled facilities and grounds. Plaintiffs contend that this practice is no longer followed by the FBI, and thus, is an implicit ratification of the authority granted by section 540C. The conclusion plaintiffs draw is incorrect. Although the FBI's practice once involved deputation of the FBI Police at these facilities like the FBI New York Field Office and at the FBI Academy in Quantico, Virginia, even after the amendment to section 1315 by the Homeland Security Act of 2002, section 1315, as amended, authorizes the FBI Police to operate on **any** "buildings, grounds, and property that are owned, occupied, or secured by the Federal Government (including any agency,

instrumentality, or wholly owned or mixed-ownership corporation thereof) and the persons on the property." 40 U.S.C. § 1315. Thus, there is no limitation under the current authority of section 1315 which limits the authority of the FBI to GSA-controlled buildings or grounds, and plaintiffs' ratification arguments must fail.

## III. Plaintiffs Have Not Demonstrated That This Court Possesses Jurisdiction To Make Determinations Of Prohibited Personnel Practices Or Grant Relief Pursuant To The Back Pay Act

In our motion to dismiss we also demonstrated that plaintiffs' reliance upon the Back Pay Act, 5 U.S.C. § 5596, and the purported mandatory equivalent pay provision for an FBI police force under 28 U.S.C. § 540C(b)(5) as a basis for this Court's Tucker Act jurisdiction is misplaced. In order to satisfy the Back Pay Act, an employee of an agency must be "found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee." 5 U.S.C. § 5596(b)(1). Therefore, in determining whether the requirements of the Back Pay Act are met, an "appropriate authority" must look to an "applicable law, rule, regulation, or collective bargaining agreement" as the source of an employee entitlement that an "unjustified or unwarranted personnel action" was denied or impaired. Hambsch v. United States, 848 F.2d 1228, 1231 (Fed. Cir. 1988). It is well-settled that this Court is not an "appropriate authority" to make this determination. Fausto v. United States, 484 U.S. 439, 454 (1988); see also United States v. Connolly, 716 F.2d 882, 887-888 (Fed. Cir. 1983) (No jurisdiction in the Claims Court when plaintiff failed to show his separation violated any relevant statute or regulation covered by

the Tucker Act. "The Back Pay Act is merely derivative in application; it is not itself a jurisdictional statute.")

In their response plaintiffs fail to establish an "appropriate authority" that has determined that they have been subject to an unwarranted personnel action. They concede that they must establish the Court's jurisdiction through a law other than the Back Pay Act, see Pl. Br. at 18, but state that they have done so through their reliance on section 540C. We have demonstrated, however, plaintiffs are not employed under section 540C, and therefore the mere existence of that statute cannot be sufficient authority to entitle them to back pay. Plaintiffs also argue that we have mischaracterized the holding of Fausto v. United States, 484 U.S. at 439, arguing that Fausto does not bar judicial review of any actions affecting federal employees, and stating that "a case where plaintiffs allege they are owed back pay because a money-mandating statute was violated is clearly one of theses cases that may be brought in this Court." Pl. Br. at 19. However, in this case, plaintiffs rely on a non-money mandating statute, and no appropriate authority has ever determined that these plaintiffs are entitled to pay under that statute. Accordingly, the Court does not possess subject matter jurisdiction over plaintiffs' claims, and their complaint should be dismissed.

## CONCLUSION

This Court does not possess subject matter jurisdiction over plaintiffs complaint, because the statutes upon which they rely is not money-mandating. Accordingly, the Government respectfully requests that the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Martin F. Hockey
MARTIN F. HOCKEY, JR.
Assistant Director

/s/ Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576
Fax: (202) 514-8624

March 10, 2008

Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 10th day of March 2008, a copy of “DEFENDANT’S REPLY TO PLAINTIFFS’ RESPONSE TO DEFENDANT’S MOTION TO DISMISS” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

/s/Carrie A. Dunsmore
Carrie A. Dunsmore