**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JEFFREY B. KING, SCOTT A. AUSTEN, KEVIN J. HARRIS, AND JOHN J. HAYS,**<br><br>**Plaintiffs,**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **Case No. 1:07-cv-589**<br>**Judge Emily C. Hewitt** |

# PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY

Sandra Mazliah
PASSMAN & KAPLAN, P.C.

Debra D'Agostino
Joanna Friedman
PASSMAN & KAPLAN, P.C.
1090 Vermont Avenue, N.W., Suite 500
Washington, D.C. 20005
TEL: (202) 789-0100
FAX: (202) 789-0101

Attorneys for the Plaintiffs

# TABLE OF CONTENTS

TABLE OF CONTENTS....... i

PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY....... 1

INDEX TO APPENDIX....... 3

**Plaintiffs' Exhibit No. 1** Plaintiffs' Surreply To Defendant's Reply To Plaintiffs' Opposition To Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction....... 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **JEFFREY B. KING, SCOTT A. AUSTEN, KEVIN J. HARRIS, AND JOHN J. HAYS,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | **Case No. 07-589C**<br>**Judge Emily C. Hewitt** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiffs Jeffrey B. King, Scott A. Austin, Kevin J. Harris, and John J. Hays, and all others similarly situated, through counsel, respectfully request that the Court enter an order granting leave for Plaintiffs to file Plaintiffs' Surreply in Opposition to Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss for Lack of Jurisdiction, which is included as Exhibit 1.

Plaintiffs move for leave to file a surreply to have a fair opportunity to respond to arguments that Defendant raised for the first time in Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss for Lack of Jurisdiction, filed by Defendant on March 10, 2008. These new arguments include that: 1) Plaintiffs' claim should be dismissed for failure to state a claim upon which relief could be granted should the Court find that 28 U.S.C. §540C is money-mandating; 2) 40 U.S.C. §1315 is the source of authority for FBI Police who work in non-GSA controlled buildings or in any Federal government building; and 3) that even if all of Defendant's theories about the FBI Police's law enforcement authority sources fail, §540C still cannot be the source of the FBI Police's authority. The consequence of the Defendant's last argument is that

the FBI Police have been acting with no authority whatsoever making all law enforcement actions taken by the FBI Police officers invalid.

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order granting Plaintiffs leave to file the attached Surreply.

March 28, 2008

Respectfully submitted,

Sandra Mazliah

---

Sandra Mazliah
PASSMAN & KAPLAN, P.C.

Debra D'Agostino
Joanna Friedman
PASSMAN & KAPLAN, P.C.
1090 Vermont Avenue, N.W., Suite 500
Washington, D.C. 20005
TEL: (202) 789-0100
FAX: (202) 789-0101
Attorney for the Plaintiffs

## INDEX TO APPENDIX

**Plaintiffs' Exhibit No. 1** Plaintiffs' Surreply To Defendant's Reply To Plaintiffs' Opposition To Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**JEFFREY B. KING, SCOTT A. AUSTEN, KEVIN J. HARRIS, AND JOHN J. HAYS,**

**Plaintiffs,**

**THE UNITED STATES,**

**Defendant.**

**Case No. 1:07-cv-589**
**Judge Emily C. Hewitt**

**PLAINTIFFS' SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Sandra Mazliah
PASSMAN & KAPLAN, P.C.

Debra D'Agostino
Joanna Friedman
PASSMAN & KAPLAN, P.C.
1090 Vermont Avenue, N.W., Suite 500
Washington, D.C. 20005
TEL: (202) 789-0100
FAX: (202) 789-0101

Attorneys for the Plaintiffs

# TABLE OF CONTENTS


TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... ii

I. ARGUMENT .......... 2

A. Defendant, In Effect, Filed a Motion for Summary Judgment By Urging the Court to Consider Dismissing the Complaint for Failure to State a Claim .......... 2

B. Defendant's New Arguments that §540C Does Not Give the FBI Police Their Law Enforcement Authority Fail .......... 4

1. Defendant's New Theory That §1315 Authorizes the FBI Police to Operate in All Federal Government Buildings Is Unsupported and Contradicts Defendant's Argument that GSA/DHS Have Delegated Law Enforcement Authority to the FBI Police .......... 4

2. Defendant Concedes Its §1315 Argument May Not Provide the FBI Police with Authority, But Offers No Alternatives to Fill the Void Despite Evidence Showing §540C Was Implemented .......... 8

II. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

## STATUTES

6 USC § 552(a) .......... 4

28 U.S.C. § 540C .......... passim

40 U.S.C. § 1315 .......... passim

## RULES

U.S. Court of Federal Claims Rule 12(b)(1) .......... 2, 3

U.S. Court of Federal Claims Rule 12(b)(6) .......... 3

U.S. Court of Federal Claims Rule 56(f) .......... 3

## CASES

*Doe v. United States*, 463 F.3d 1314 (Fed. Cir. 2006) .......... 2

*In re United States*, 463 F.3d 1328 (Fed. Cir. 2006) .......... 2

*Johnson Controls World Services, Inc. v. U.S.*, 44 Fed.Cl. 334, 340 (1999) .......... 2

*Jordan v. United States*, 77 Fed.Cl. 565, 568 (2007) .......... 3

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JEFFREY B. KING, SCOTT A. AUSTEN, KEVIN J. HARRIS, AND JOHN J. HAYS,** | ) | |
| **Plaintiffs,** | ) | **Case No. 1:07-cv-589** |
| **v.** | ) | **Judge Emily C. Hewitt** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiffs Jeffrey B. King, Scott A. Austin, Kevin J. Harris, and John J. Hays, and all others similarly situated, through counsel, file this surreply to the United States' (Defendant) Reply (Def.'s Reply) to Plaintiff's Opposition (Pl.'s Opp.) to Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction (Def.'s Motion) to respond to new arguments raised by Defendant, as articulated in Plaintiffs' Motion for Leave to File a Surreply.

In its Reply, Defendant argued that Plaintiffs' complaint lacks jurisdiction because the Director of the FBI did not establish the FBI Police pursuant to 28 U.S.C. §540C, "and as such, no one could be entitled to money damages under the statute." Def.'s Reply at 3. Plaintiffs assert that the Director of the FBI did in fact establish the "FBI Police" contemplated by §540C by appointing members of the FBI Police and authorizing them to perform duties under §540C after the Act was passed. What the Director has not done, however, is pay the FBI Police officers in accordance with §540C, which is the inaction giving rise to this claim. Below, Plaintiffs address the new arguments raised by Defendant to

support its Motion and demonstrate that Defendant's arguments fail requiring a finding that this Court has subject matter jurisdiction.

## I. ARGUMENT

### A. Defendant, In Effect, Filed a Motion for Summary Judgment By Urging the Court to Consider Dismissing the Complaint for Failure to State a Claim.

In its Reply, Defendant conceded that the United States Court of Appeals for the Federal Circuit, including in *Doe v. United States*, 463 F.3d 1314, 1324-1325 (Fed.Cir.2006) and *In re United States*, 463 F.3d 1328, 1334 (Fed.Cir.2006), determined that the presence of a condition precedent in a statute does not defeat a claim that the statute is money mandating. *See* Def.'s Reply at 4. Defendant then argued, for the first time and in a footnote, that if the Court finds Plaintiffs established that §540C is money-mandating, Plaintiffs' complaint should be dismissed for failure to state a claim. *Id.* at n.2.[1] Plaintiffs assert that Defendant, by inserting this footnote, effectively turned its original Motion into a motion for summary judgment.

Defendant's initial Motion to Dismiss for lack of jurisdiction, filed pursuant to Rule 12(b)(1), had nine exhibits attached. Defendant cited *Johnson Controls World Services, Inc. v. U.S.*, 44 Fed.Cl. 334, 340 (1999), holding that if a motion to dismiss for lack of subject matter jurisdiction, ". . . challenges the truth of the jurisdictional facts . . . the . . . court may

---

1 Defendant also confused the burdens of proof by stating without citation that Plaintiffs "must show that the statute was actually implemented" to establish jurisdiction. Def.'s Reply at 5. Defendant claimed that Plaintiffs erroneously argued there is a "material questions of fact" about whether §540C was implemented instead of showing this Court has jurisdiction. *Id.* However, Plaintiffs properly asserted that to meet their jurisdictional burden, they need only invoke a money-mandating statute and make a non-frivolous assertion that they are entitled to relief under the statute, both which they did. In a footnote, Plaintiffs stated that, at a minimum, there are facts in dispute as to whether the FBI Police have been "established," requiring discovery. *See* Pl. Opp. at n. 12. This does not negate Plaintiffs' non-frivolous assertion of entitlement to relief.

consider relevant evidence in order to resolve the factual dispute . . . ," as its basis for including these exhibits. However, while the standard for dismissal under Rule 12(b)(6) parallels the standard for review of jurisdiction under Rule 12(b)(1), "where 'matters outside the pleading' are before the Court on a motion to dismiss for failure to state a claim (versus for lack of jurisdiction), the Court regards the motion as one for summary judgment." *Jordan v. United States*, 77 Fed.Cl. 565, 568 (2007).[2] Because Defendant, in its Reply, asked the Court (for the first time) to consider dismissing the complaint for failure to state a claim and its motion to dismiss has nine attachments or "matters outside the pleading," Defendant, in effect, placed a motion for summary judgment before the Court.

When the Court converts a Rule 12(b)(6) motion into a motion for summary judgment, Rule 12(b) directs the Court to provide the parties with "a reasonable opportunity to present all material made pertinent to such a motion by RCFC 56." *Jordan, supra* at 568. At this time, Plaintiffs' response has been appropriately limited to the jurisdictional issues presented by Defendant's Rule 12(b)(1) motion. Plaintiffs assert, therefore, that if the Court considers anything other then the jurisdictional issue first raised by Defendant, including considering the Defendant's Motion as one for summary judgment, the Court should, in accordance with the Rules, permit Plaintiffs to conduct discovery, and then, at the completion of discovery, to file an opposition to summary judgment.[3]

---

2 Rule 12(b) provides "[i]f, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in RCFC 56."

3 Specifically, Plaintiffs anticipate filing a Motion for Discovery pursuant to R.C.F.C. 56(f) articulating Plaintiffs need for discovery which Plaintiffs urge the Court to grant should the Court consider ruling either on whether Plaintiffs have stated a claim or as to the merits of the Complaint.

**B. Defendant's New Arguments that §540C Does Not Give the FBI Police Their Law Enforcement Authority Fail.**

**1. Defendant's New Theory That §1315 Authorizes the FBI Police to Operate in All Federal Government Buildings Is Unsupported and Contradicts Defendant's Argument that GSA/DHS Have Delegated Law Enforcement Authority to the FBI Police.**

Defendant claimed, for the first time in its Reply, that §1315 is the source of authority for FBI Police who work in non-GSA controlled buildings. This new argument is in direct contradiction with the arguments originally set forth by Defendant and is unsupported by evidence. In its Motion to Dismiss, Defendant argued that FBI Police Officers in New York and Quantico (which are non-GSA controlled buildings) do not operate under §540C, §1315, or any authority delegated to the FBI originally from GSA, but instead have law enforcement authority because they are "deputized by the US Marshals Service [("USMS")]." *See* Def.'s Motion at 6, n. 4. Defendant clearly and unequivocally stated that that there is "**no authority** for the FBI Police to protect other FBI facilities [Quantico, New York, non-GSA controlled buildings, and GSA facilities without delegations ("Non-delegated Facilities")] **absent deputation by the USMS**." *Id.* (Emphasis added). Accordingly, claimed Defendant, the FBI Police had two sources of law enforcement authority depending on where they worked: 1) FBI officers who worked in certain GSA-controlled buildings, obtained their authority from GSA's delegations of authority,[4] and 2) the FBI officers who worked at the Non-delegated Facilities obtained their authority from USMS deputization.

In response, Plaintiffs pointed out that the USMS ceased deputizing FBI Police officers as early as January 2007, and that because the FBI Director has since that time continued appointing officers to the FBI Police and authorizing them to act at Non-delegated

[4] Defendant also claimed that the delegations transferred from to DHS through the operation of the Homeland Security Act's ("HSA") "savings clause." *See* 6 USC §552(a)(1).

Facilities, these officers acted with authority vested to them by §540C.[5] The USMS, which stated that it stopped deputizing FBI police officers because "there is existing statutory authority in Title 28 USC Section 540C for FBI Police Officers to perform the functions," supports the Plaintiffs' assertion. *See* Plaintiffs' Appendix to Pl. Opp. ("App.) pg. 64.[6] The alternative, given Defendant's original argument that USMS deputization was the **only** source of authority for FBI Police working at Non-delegated Facilities, would be that these FBI Police officers acted without any authority.[7]

In its Reply, to attempt to counter Plaintiffs' conclusion, Defendant presented a new theory, without evidence, analysis or argument, that §1315 authorizes the FBI Police to operate in "**any**" of the "buildings, grounds, and property that are owned, occupied, or secured by the Federal Government . . . ." Def.'s Reply at 10-11 (emphasis added). This theory is not only inconsistent with Defendant's original arguments that the FBI Police at Non-delegated Facilities obtained their authority from USMS deputization while those at Delegated Facilities obtained their authority through delegations from GSA, but, as discussed *infra,* the plain language of §1315 makes clear that it does not provide this authority to the FBI Police. Further, if §1315 did authorize the FBI Police to operate in any and all

5 Section 540C provides that the Director may appoint uniformed representatives of the Federal Bureau of Investigation as FBI police and to perform duties in connection with the policing of all FBI buildings and grounds. It is undisputed that since the passage of this Act, the Director has appointed FBI police, and authorized them to perform the duties identified in Section 540C. 28 U.S.C. §540C(b)(2), (3), and (4).

6 The USMS correspondence was never addressed by Defendant in its Reply.

7 Given the evidence that the FBI Police at Non-delegated Facilities were acting pursuant to §540C, Plaintiffs asserted that, at a minimum, the Director established a permanent FBI police force in accordance with §540C at least since the time that USMS ceased deputizing FBI Police. However, it is Plaintiffs' position that the FBI Police have been acting under the authority of §540C prior to January 2007 and are required to be paid in accordance with the statute, as of January 1, 2003. *See* 28 U.S.C. §540C(b)(5).

"buildings, grounds, and property that are owned, occupied, or secured by the Federal Government . . . ," as is now argued by Defendant, then there would be no need for GSA's delegations of authority to have survived by use of the HSA's "savings clause," as Defendant still argues, or have been transferred to DHS through any other mechanisms. Section 1315 would simply give all FBI Police authority to act anywhere. This is clearly not the case, however, as §1315, standing alone, does not give the FBI Police any authority.

Section 1315, as amended by §1706 of the HSA, provides that "to the extent provided for by transfers made pursuant to the Homeland Security Act of 2002, the [Secretary of Homeland Security] shall protect the buildings, grounds, and property that are owned, occupied, or secured by the Federal Government... ." Section 1315 then provides that in order to effectuate this mandate (*i.e.*, protect GSA controlled property and property otherwise transferred to DHS), the Secretary of DHS may appoint officers and agents who are "employees of the Department of Homeland Security, including employees . . . of the Federal Protective Service . . . ." 40 U.S.C. §1315. Thus, for §1315 to give a police officer the authority to act two things must be true: 1) the officer must be appointed by the Secretary and be an employee of the DHS or FPS; and 2) DHS must have jurisdiction over the building at which the officer works. In this case, with regard to the FBI Police, neither prerequisite has been met.

First, FBI Police are neither employees of DHS nor the FPS, nor have they been appointed by the Secretary of DHS. Second, DHS does not have jurisdiction to protect all federal buildings. At most, DHS has jurisdiction over GSA controlled buildings and other buildings that may have been transferred to DHS by the HSA. Defendant wholly failed to address the specific language in §1315 that protection duties were only transferred to DHS

only "*to the extent provided for by transfers made pursuant to the Homeland Security Act of 2002* . . . ." 40 U.S.C. §1315 (U.S.C.A. 2005) (emphasis added). As Plaintiffs argued in detail in their Opposition, Congress would not have used this specific language if all protection functions for all federal buildings had been transferred to DHS. *See* Pl.'s Opp. at 24.

Defendant already conceded that the FBI Police officers working in Non-delegated Facilities never acted in accordance with a delegation from GSA and instead received their authority (their sole authority as Defendant's claimed) from USMS deputization. *See* Def.'s Motion at 6, n. 4. Additionally, it is undisputed that the FBI Police no longer receive USMS deputization. *See* App. p. 64. Further, it is clear that FBI Police working in Non-delegated Facilities do not receive their authority from §1315 as 1) DHS does not have jurisdiction over all Non-delegated Facilities, and 2) FBI Police are not employees of DHS or FPS appointed by the Secretary of DHS.[8] Yet, despite not having authority pursuant to deputization from USMS, §1315, or a Delegation from either GSA or DHS, the FBI Police officers have continued to perform their duties in connection with the protection of persons and property at Non-delegated Facilities. Accordingly, as Plaintiffs argue, the FBI Police at Non-delegated Facilitates have been, and continue to, act pursuant to the authority granted to them in §540C. *See* 28 U.S.C. §540C(b)(2), (3), and (4); *See also* App. pg. 64 ( ". . . there is existing statutory authority in Title 28 USC Section 540C for FBI Police Officers to perform the functions").

---

8 Even if Defendant was correct and DHS had protection authority over all federal buildings, including those not under GSA control, the FBI police would have no authority under §1315 to act at those facilities without a valid Delegation of Authority from DHS to the DOJ or FBI,. Defendant has never suggested that such a Delegation exists or produced any evidence of such a Delegation.

### 2. Defendant Concedes Its §1315 Argument May Not Provide the FBI Police with Authority, But Offers No Alternatives to Fill the Void Despite Evidence Showing §540C Was Implemented.

Defendant also claimed in its Reply that that even if §1315 does not provide the FBI Police with authority, §540C was still not implemented into law.[9] Defendant, however, neither offered any alternative theories for the FBI Police's authority nor cited any authority to support its proposition that if a statute is substantially complied with, but magic words are not spoken or written, *e.g.*, "I hereby establish," the statute does not otherwise go into effect. The test for "establishment" is one of substance, not words, and must be determined by what actions the Director actually took, not what he said he did or did not do. The evidence shows that §540C was in fact implemented by the actions of the Director and that, as a result, the Plaintiffs should be receiving the salary that §540C mandates they receive.

Section 540C(b)(3) provides that the Director "may appoint uniformed representatives of the Federal Bureau of Investigation as FBI Police for duty in connection with the policing of all FBI buildings and grounds." It is undisputed that since the passage of §540C, the Director has appointed FBI Police officers. Section 540C(b)(2) provides that the "FBI police shall perform such duties as the Director may prescribe in connection with the protection of persons and property within FBI buildings and grounds." It is undisputed that since the passage of Section 540C, the FBI Police have performed duties that the Director has prescribed in connection with the protection of persons and property. Section 540C(b)(4) identifies certain duties that the FBI Police can perform. It is undisputed that since the passage of the Act, the FBI Police have performed these duties including policing FBI

---

9 Notably, Defendant does not address the consequences of its position. If Defendant's claim that Section 540C has not been implemented is true, then all FBI Police officers have been acting without authority and every action taken by an FBI Police officer is and was, therefore, illegal.

buildings and grounds, making arrests and enforcing the laws of the United States, carrying firearms, etc., which are all allowed and authorized by §540C.

Accordingly, as all the prerequisites contained in §540C were met, *i.e.*, appointment and the authorization and performance of duties for the protection of FBI buildings, the permanent FBI Police as envisioned by Congress, was established and the officers are entitled to their increased pay.[10] Congress made abundantly clear in §540C the date when FBI Police were to begin receiving their increased pay: "Pay and benefits for the FBI police" "**shall apply with respect to pay periods beginning after January 1, 2003.**" 28 U.S.C. §540C(b)(5) (emphasis added). Congress gave the FBI the time between §540C's passage in November 2002 and January 1, 2003, to take the steps necessary to comply with the law. If Congress intended for the Act to be as discretionary as Defendant now claims, Congress could have written the pay provision to read that pay and benefits for the FBI police "shall apply with respect to the first pay period after the Director establishes said police." However, Congress instead used the mandatory word "shall" throughout the pay provisions of §540C with a specific effective date of when that pay "shall" commence.

Accordingly, Defendant's argument in its Reply that even if its view of the law is wrong and none of the alternatives it proposed for the FBI Police's authority are supported, §540C does not provide the FBI Police with authority, is incorrect. Section 540C not only mandates a specific salary to be paid to the FBI Police but also has been effected by the

---

[10] The regulations envisioned by §540C regarding the duties of the FBI Police and their pay, are interpretative and therefore meant to clarify, not legislate. The statute clearly sets down the authority for the Director to authorize officers to perform certain types of duties, §540C(b)(2) and (4), and the amount of pay for the FBI Police, §540C(b)(5)(A), and when that pay is to become effective. §540C(b)(5)(B)(ii). The fact that these interpretative rules were not implemented does not negate the Plaintiffs' claim that the FBI police were established in accordance with §540C.

actions of the Director and is the FBI Police's current source of law enforcement authority.

## II. CONCLUSION

For all the reasons discussed above, Plaintiffs respectfully request the Court DENY Defendant's Motion to Dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the R.C.F.C. and find that this Court has jurisdiction over their claim pursuant to the Tucker Act, 28 U.S.C. §1491, because 28 U.S.C. §540C mandates a specific salary Defendants are to pay the FBI Police.

March 28, 2008

Respectfully submitted,

Sandra Mazliah

Sandra Mazliah
PASSMAN & KAPLAN, P.C.

Debra D'Agostino
Joanna Friedman
PASSMAN & KAPLAN, P.C.
1090 Vermont Avenue, N.W., Suite 500
Washington, D.C. 20005
TEL: (202) 789-0100
FAX: (202) 789-0101
Attorney for the Plaintiffs