# In the United States Court of Federal Claims

No. 07-589 C

(E-Filed: May 15, 2008)

| | |
|---|---|
| JEFFREY B. KING, SCOTT A. AUSTIN, KEVIN J. HARRIS, AND JOHN J. HAYS, Plaintiffs, v. THE UNITED STATES, Defendant. | Motion to Dismiss; RCFC 12(b)(1); 28 U.S.C. § 540C; FBI Police; Back Pay Act of 1996; 5 U.S.C. § 5596(b)(1); Civil Service Reform Act (CSRA) |

Sandra Mazliah, Washington, DC, for plaintiffs. Debra D'Agostino and Joanna Friedman, Washington, DC, of counsel.

Carrie A. Dunsmore, with whom were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant.

OPINION

HEWITT, Judge

Before the court are Defendant's Motion to Dismiss (defendant's Motion or Def.'s Motion), Plaintiffs' Opposition to Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction (plaintiffs' Response or Pls.' Resp.), and Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss (defendant's Reply or Def.'s Reply).

Plaintiffs, Federal Bureau of Investigation (FBI) Police Officers nationwide, filed a complaint with this court on August 2, 2007, alleging that the United States failed to

increase their salaries as required by section 540C of title 28 of the United States Code. Class Complaint For Just Compensation and Damages (plaintiffs' Complaint or Compl.) ¶ 1. Defendant moves to dismiss plaintiffs' Complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Def.'s Mot. 1. Because the court concludes that 28 U.S.C. § 540C is money-mandating and that the court has jurisdiction over plaintiffs' claim, defendant's Motion is DENIED.

## I. Background

Plaintiffs assert that they are FBI police as defined in 28 U.S.C. § 540C, Compl. ¶ 15, and that "since January 1, 2003, and continuing to the present, [they have] been paid less than 28 [U.S.C.] § 540C affords them," id. at ¶ 21. Plaintiffs contend that 28 U.S.C. § 540C "increased [p]laintiffs' salaries effective January 1, 2003." Id. at 1. According to plaintiffs, "pursuant to the Back Pay Act of 1996, [they] are entitled to recover just compensation, back pay, attorney's fees, and any other necessary restitution owed to them." Id. Plaintiffs assert that "28 [U.S.C.] § 540C confers a substantive right for money damages against the United States by specifying a salary to be paid to individuals for their work." Id. at ¶ 22. Defendant counters that "[p]laintiffs are not . . . FBI Police as defined by 28 U.S.C. § 540C," Def.'s Mot. 3, and that this court does not possess subject matter jurisdiction over this action because 28 U.S.C. § 540C is not money-mandating, id. at 1. Defendant also argues that "the [c]ourt lacks subject matter jurisdiction to consider the [FBI's] employment-related decisions." Id.

Section 540C of title 28 of the United States Code became effective on November 2, 2002. 28 U.S.C. § 540C. Under § 540C, "[s]ubject to the supervision of the Attorney General, the Director [of the FBI] may establish a permanent police force, to be known as the FBI police." 28 U.S.C. § 540C(b)(1). Subsection (b)(5) of section 540C provides:

> (A) In general.– The rates of basic pay, salary schedule, pay provisions, and benefits for members of the FBI police shall be equivalent to the rates of basic pay, salary schedule, pay provisions, and benefits applicable to members of the United States Secret Service Uniformed Division.
>
> (B) Application.– Pay and benefits for the FBI police under subparagraph (A)–
>
> (i) shall be established by regulation;
> (ii) shall apply with respect to pay periods beginning after January 1, 2003; and
> (iii) shall not result in any decrease in the rates of pay or benefits of any individual.

28 U.S.C. § 540C(b)(5).

The parties' briefing discusses the history of the FBI police program at length. See Def.'s Mot. 3-9; Pls.' Resp. 2-10. The court need not address at this time the history of the FBI police. In this Opinion, the court is asked only to decide whether the court has subject matter jurisdiction over plaintiffs' claim. Def.'s Mot. 1. The court will therefore limit its discussion to whether 28 U.S.C. § 540C is money-mandating or whether jurisdiction in the Court of Federal Claims is precluded.

## II. Legal Standards

The jurisdiction of the United States Court of Federal Claims is set forth in the Tucker Act, 28 U.S.C. § 1491 (2006). This court "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Pods, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1365 (Fed. Cir. 2007). "If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim." Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); see RCFC 12(h)(3). Plaintiff has the burden of establishing subject matter jurisdiction. Reynolds v. Army & Air Force Exch. Serv. (Reynolds), 846 F.2d 746, 748 (Fed. Cir. 1988) (citing Zunamon v. Brown, 418 F.2d 883, 886 (8th Cir. 1969); McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)); Garrett v. United States, 78 Fed. Cl. 668, 670 (2007).

The Tucker Act "constitutes a waiver of sovereign immunity with regard to claims over which the Court of Federal Claims had jurisdiction," but "the Tucker Act alone 'does not create any substantive right enforceable against the United States for money damages.'" Agwiak v. United States, 347 F.3d 1375, 1379 (Fed. Cir. 2003) (quoting United States v. Testan (Testan), 424 U.S. 392, 398 (1976)). "Instead, . . . another statute or regulation must be money-mandating to create such a substantive right against the government." Id. (citations omitted). "When a complaint is filed alleging a Tucker Act claim based on a Constitutional provision, statute, or regulation, see 28 U.S.C. § 1491(a)(1), the trial court at the outset shall determine, . . . whether the Constitutional provision, statute, or regulation is one that is money-mandating. If the court's conclusion is that the Constitutional provision, statute, or regulation meets the money-mandating test, the court shall declare that it has jurisdiction over the cause, and shall then proceed with the case in the normal course." Fisher v. United States (Fisher), 402 F.3d 1167, 1173

(Fed. Cir. 2005); see Adair v. United States (Adair), 497 F.3d 1244, 1251 (Fed. Cir. 2007) (citation omitted) ("If a trial court concludes that the particular statute simply is not money-mandating, then the court shall dismiss the claim for lack of subject matter jurisdiction under Rule 12(b)(1)."). "'The determination that the source is money-mandating shall be determinative both as to the question of the court's jurisdiction and thereafter as to the question of whether, on the merits, plaintiff has a money-mandating source on which to base his cause of action.'" Adair, 497 F.3d at 1251 (quoting Fisher, 402 F.3d at 1173). "If . . . the court concludes that the facts as pled do not fit within the scope of a statute that is money-mandating, the court shall dismiss the claim on the merits under Rule 12(b)(6) for failing to state a claim upon which relief can be granted." Id.; see also Doe v. United States (Doe), 463 F.3d 1314, 1324 (Fed. Cir. 2006) ("[A] party bringing suit under the Tucker Act may then lose on the merits if he or she is not one of the persons entitled to pay under the statute or regulation.").

A statute is money-mandating "if, but only if, it 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) (quoting Testan, 424 U.S. at 400). "It is enough, then, that a statute creating a Tucker Act right be reasonably amenable to the reading that it mandates a right of recovery in damages. While the premise to a Tucker Act claim will not be 'lightly inferred,' a fair inference will do." Id. (internal citation omitted). In Agwiak, the Federal Circuit stated that "the use of the word 'shall' generally makes a statute money-mandating." Agwiak, 347 F.3d at 1380 (citations omitted). "A statute is not money-mandating when it gives the government complete discretion over the decision whether or not to pay an individual or group." Doe, 463 F.3d at 1324 (citations omitted). However, the Federal Circuit has "found that a statute is not wholly discretionary, even if it uses the word 'may' when an analysis of congressional intent or the structure and purpose of the statute reveal one of the following: (1) the statue has 'clear standards for paying' money to recipients, (2) the statute specifies 'precise amounts' to be paid, or (3) the statute compels payment once certain conditions precedent are met." Id. (citations omitted).

## III. Discussion

### A. Plaintiffs' Claims Under 28 U.S.C. § 540C

Defendant moves to dismiss plaintiffs' Complaint for lack of subject matter jurisdiction because, according to defendant, the statute on which plaintiffs rely, 28 U.S.C. § 540C, is not money-mandating. Def.'s Mot. 1. Defendant argues that, because the statute states that "the Director may establish a permanent police force," 28 U.S.C. § 540C(b)(1) (emphasis added), the statute "gives the government complete discretion over

the decision whether or not to pay an individual or group," Def.'s Mot. 11. According to defendant, "Because 28 U.S.C. § 540C is a discretionary statute, it does not create a substantive right to money damages within the meaning of the Tucker Act." Id. at 12. Defendant notes that "the condition precedent to the purported mandatory pay provision is that the Director establish a permanent FBI police force under the authority of the statute." Id. at 11. Defendant argues that "[p]laintiffs' complaint fails to allege that the Director has exercised his discretion under the statute or implemented its authority in establishing such an FBI police force." Id. at 12. According to defendant, defendant's "argument is not that plaintiffs' complaint fails to establish jurisdiction because it contains a condition precedent, but rather that the plaintiffs' complaint lack[s] jurisdiction because the Director of the FBI did not establish the FBI police, and as such, no one could be entitled to money damages under the statute." Def.'s Reply 3.

Plaintiffs argue that 28 U.S.C. § 540C is money-mandating. Pls.' Resp. 13 ("28 U.S.C. § 540C(5)(A) both uses 'shall[,]' which demonstrates that the pay is not discretionary, and specifies a certain sum owed to Plaintiffs (the salary paid to the Secret Service Uniformed Division)."). According to plaintiffs, defendant's "'condition precedent' argument" has already been rejected. Id. at 15 (citing Doe, 463 F.3d at 1324-25). Plaintiffs argue that, "while the statute [28 U.S.C. § 540C] gives the Director discretion to establish the FBI Police, the statute mandates that once he does, those defined as FBI Police receive pay equivalent to the Uniformed Division of the Secret Service." Id. at 16.

Plaintiffs state – correctly – that "the presence of a condition itself does not defeat a claim that a statute is money-mandating, although whether the condition is met bears on the merits of a claim." Id. Doe involved a statute that provided that "once the [Department of Justice] makes a determination that a particular position is entitled to [administratively uncontrollable overtime (AUO)] pay, the employee 'shall' receive premium pay under the statute." Doe, 463 F.3d at 1325. The Federal Circuit held that "the statute is money-mandating because once a condition is met, namely that the head of an agency states that a position meets the criteria listed . . . , the statute requires payment to employees with that position." Id. (citations omitted). In In re United States, the Federal Circuit held that a statute "clearly is a money-mandating statute, . . . [where] it provides that a bankruptcy judge 'shall receive as full compensation for his services, a salary at an annual rate that is equal to 92 percent of the salary of a judge of the district court of the United States . . . .'" In re United States, 463 F. 3d 1328, 1334 (Fed. Cir. 2006) (quoting 28 U.S.C. § 153(a)). The Federal Circuit further noted, however, that "[the statute's] money-mandating command only benefits an individual who actually holds the position of bankruptcy judge," id. at 1334 (citation omitted), and that "the Court

of Federal Claims should have dismissed . . . [the] claim under its Rule 12(b)(6) for failure to state a claim upon which relief could be granted," id. at 1335.

Defendant distinguishes Doe and In re United States from plaintiffs' case "because the 'FBI Police' contemplated by section 540C has never been established and, accordingly, section 540C has not been implemented into law." Def.'s Reply 4 ("While the relevant statutes in Doe and In re United States both contained conditional language, it was clear that the statutes at issue provided for the payment of money to some employees - in Doe it was other Department of Justice attorneys, in In [r]e United States it was active bankruptcy judges - just not to the particular plaintiffs in the lawsuit."). According to defendant, "[p]laintiffs have the burden to show that this [c]ourt has jurisdiction, and as such must show that the statute was actually implemented." Id. at 5. Defendant is correct that plaintiffs have the burden of establishing subject matter jurisdiction, Reynolds, 846 F.2d at 748, but defendant cites to no case, and the court is not aware of any, that supports the proposition that plaintiffs must show that 28 U.S.C. § 540C was actually implemented in order to establish jurisdiction.[1] Section 540C "has 'clear standards for paying' money to recipients," "specifies 'precise amounts' to be paid," and "compels payment once certain conditions precedent are met." Doe, 463 F.3d at 1324; see 28 U.S.C. § 540C(b) (providing standards for the payment of money to FBI police and payment equivalent to that of the Secret Service Uniformed Division once an FBI police is established). Section 540C is money-mandating and, therefore, the Court of Federal Claims has jurisdiction over plaintiffs' Complaint.

B. Plaintiffs' Claims Under the Back Pay Act

Defendant further argues that plaintiffs do not satisfy the Back Pay Act and, therefore, that "this [c]ourt lacks jurisdiction to consider plaintiffs' back pay claim." Def.'s Mot. 13. The Back Pay Act requires that an employee be "found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee." 5 U.S.C. § 5596(b)(1). Defendant argues that "plaintiffs have failed to allege any unwarranted personnel action prohibited by statute, regulation, or law which in turn authorizes suit in [the Court of Federal Claims]." Def.'s Mot. 13. As discussed above, the court has determined that 28 U.S.C. § 540C is a money-mandating statute covered by the Tucker Act. See supra Part III.A. Therefore, a back pay claim based on 28 U.S.C. § 540C falls within the jurisdiction of the Court of Federal Claims. See Worthington v.

---

[1]The question of implementation of 28 U.S.C. § 540C appears to the court to implicate the merits issue of whether plaintiffs are persons in fact entitled to pay under that statute.

United States, 168 F.3d 24, 26 (Fed. Cir. 1999) ("The Back Pay Act is such a 'money-mandating' statute when based on violations of statutes or regulations covered by the Tucker Act." (citing United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983))).

C. Whether Jurisdiction is Precluded by the CSRA

Defendant also argues that "the Court lacks subject matter jurisdiction to consider the [FBI's] employment-related decisions." Def.'s Mot. 1. According to defendant, through the Civil Service Reform Act (CSRA), "Congress intended to shield the FBI's employment-related decisions from this [c]ourt's review," id. at 14 (citing United States v. Fausto (Fausto), 484 U.S. 439, 454 (1988)), and "the appropriate authority [for review] includes the Federal agency engaged in the alleged prohibited action, or the Merit Systems Protection Board," id. Defendant cites to Fausto, 484 U.S. at 454, and to Roberts v. U.S. Department of Justice (Roberts), 366 F. Supp. 2d 13, 21 (D.D.C. 2005), to support its argument that FBI employees have been precluded from seeking judicial review at the Court of Federal Claims for personnel actions, Def.'s Mot. 14.

______The types of personnel actions encompassed by the CSRA are those based on unacceptable job performance, 5 U.S.C. § 4303; see Fausto, 484 U.S. at 445-46, prohibited personnel practices such as "unlawful discrimination, coercion of political activity, nepotism, and reprisal against so-called whistleblowers," Fausto, 484 U.S. at 446 (citing 5 U.S.C. § 2302); 5 U.S.C. §§ 2301-02, minor adverse personnel actions such as a suspension for 14 days or less, 5 U.S.C. § 7502; see Fausto, 484 U.S. at 446, and major adverse personnel actions such as "a removal; a suspension for more than 14 days; a reduction in grade; a reduction in pay; and a furlough of 30 days or less," 5 U.S.C. § 7512; see Fausto, 484 U.S. at 447. In Fausto, the United States Supreme Court held that the CSRA precluded judicial review in the Claims Court under the Back Pay Act of personnel actions taken against federal employees when those actions were covered by the CSRA. Fausto, 484 U.S. at 454-55. The Federal Circuit discussed Fausto in Worthington. Worthington, 168 F.3d at 26-27. The Worthington court reiterated that "Fausto deprives the Court of Federal Claims of jurisdiction over personnel actions covered by the CSRA." Id. at 26 (citations omitted). The court also noted, however, that the CSRA "does not encompass every adverse personnel action against a federal employee." Id. (citation omitted); see also id. at 27 ("Being forced to work a compressed work schedule does not, for example, constitute a removal, a suspension, a reduction in grade or pay, a furlough, or a reduction-in-force, as enumerated in those provisions."). In Worthington, the Federal Circuit held that, because the plaintiff's claim was "not within the coverage of the CSRA and because it otherwise f[ell] within the jurisdictional grant of the Tucker Act, the Court of Federal Claims ha[d] jurisdiction to adjudicate th[e] dispute." Id. Like Worthington, and unlike Fausto, this case does not involve a personnel

action governed by the CSRA because plaintiffs' claim for back pay is not based on personnel actions for unacceptable job performance, prohibited personnel practices, or adverse personnel actions. See Compl. passim; see also Worthington, 168 F.3d at 27; Fausto, 484 U.S. at 445-47, 454-55.

In Roberts, the District Court for the District of Columbia discussed the final rule adopted by the Department of Justice (DOJ) "establishing procedures under which FBI employees may make disclosures of information protected by the CSRA." Roberts, 366 F. Supp. 2d at 19. The court stated that "[t]he Rule . . . does not permit a complainant to seek judicial review or otherwise pursue a reprisal case through entities external to and independent of the DOJ." Id. at 20 (citation omitted). The court in Roberts noted that "the CSRA prohibits specified minor personnel actions whose motivation is the violation of 'any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301.'" Id. at 21 (quoting 5 U.S.C. § 2302(b)(11)). "That Congress deliberately excluded FBI employees from the provisions establishing administrative and judicial review for personnel actions involving violations of CSRA implementing regulations suggests that Congress meant to preclude judicial review for such actions." Id. (citing Fausto, 484 U.S. at 439). Unlike Roberts, this case does not involve employment-based reprisals for whistleblowing. See Roberts, 366 F. Supp. 2d at 19-21. Instead, this case concerns plaintiffs' entitlement to back pay for the failure of defendant to "increase[] [p]laintiffs' salaries in accordance with [28 U.S.C. § 540C]." Compl. 1. Even if Roberts were applicable to plaintiffs' case, which the court finds it is not, its holding would be persuasive – not binding – authority on this court. Because plaintiffs' claims do not fall within the purview of the CSRA, the Court of Federal Claim's jurisdiction over plaintiffs' Complaint is not precluded.

## IV. Conclusion

For the foregoing reasons, the court has jurisdiction to decide the merits of this case and defendant's Motion is DENIED.[2] Defendant shall file its answer or responsive pleading in accordance with RCFC 12(a)(2)(A).

---

[2]In Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss (defendant's Reply or Def.'s Reply), defendant asserts that "even if the Court finds section 540C to be money-mandating, plaintiffs' complaint should nevertheless be dismissed for failure to state a claim upon which relief could be granted, as the plaintiffs are not employed under this statute." Def.'s Reply 4 n.2. The court does not regard an assertion made for the first time in a footnote in a reply as a motion to dismiss under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC).

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge