IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JEFFREY B. KING, SCOTT A. AUSTEN, KEVIN J. HARRIS, AND JOHN J. HAYS, | ) | |
| Plaintiffs, | ) | No. 07-589C (Judge Hewitt) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Admits that Jeffrey B. King, Scott A. Austen, Kevin J. Harris, and John J. Hays are employed by the FBI. The remaining allegations in paragraph 2 constitute legal conclusions and plaintiffs' characterization of its case, to which no response is required. To the extent that they may be deemed allegations of fact, they are denied.

3. Admits the allegation contained in the first two sentences in paragraph 3. The allegation contained in the third sentence of paragraph 3 is a conclusion of law and plaintiffs' characterization of its case to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

4. Admits the allegation contained in the first sentence of paragraph 4. Admits the allegation contained in the second sentence of paragraph 4 that Mr. Austin is paid at the GS-8 level, but avers that payment at the GS-8 level may have preceded April 17, 2001. Denies the

allegation contained in the third sentence of paragraph 4. Admits the allegation contained in the fourth sentence of paragraph 4. The allegation contained in the fifth sentence of paragraph 4 is a conclusion of law and plaintiffs' characterization of its case to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

5. Admits the allegation contained in the first sentence of paragraph 5. Admits the allegation contained in the second sentence of paragraph 5 that Mr. Harris is paid at the GS-8 level, but avers that payment at the GS-8 level may have preceded January 1, 2003. Denies the allegations contained in the third and fourth sentences of paragraph 5. The allegation contained in the fifth sentence of paragraph 5 is a conclusion of law and plaintiff's characterization of its case to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

6. Admits the allegation contained in the first and second sentences of paragraph 6. Denies the allegation contained in the third sentence of paragraph 6. The allegation contained in the fourth sentence of paragraph 6 is a conclusion of law and plaintiff's characterization of its case to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

7. Admits.

8. The allegations contained in paragraph 8 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 constitute plaintiffs' conclusions of law and characterization of the complaint to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 constitute plaintiffs' conclusions of law and

characterization of their case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 constitute plaintiffs' conclusions of law and characterization of their case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

12. Admits to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denied.

13. The United States admits the allegation in the first sentence of paragraph 13. The remaining allegations contained in paragraph 13 consist of plaintiffs' quotations of Congressional record statements made by Senator Patrick Leahy on February 28, 2002, regarding the FBI Reform Act of 2002, to which no response is required; to the extent a response is required, the allegations are admitted to the extent supported by the Congressional record cited; which is the best evidence of its contents; otherwise denied.

14. The allegations contained in paragraph 14 constitute plaintiffs' conclusions of law and characterization of their case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute plaintiffs' conclusions of law and characterization of their case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute plaintiffs' conclusions of law and characterization of their case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute plaintiffs' conclusions of law and characterization of their case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute plaintiffs' conclusions of law and characterization of their case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

19. Denied.

20. Defendant's responses to paragraphs 1 through 19 of the complaint are incorporated by reference.

21. The allegations contained in paragraph 21 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 constitute plaintiffs' conclusions of law and characterization of their case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

24. Denies.

25. Denies each and every allegation not previously admitted or otherwise qualified.

25. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 24, subparts A-D, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Martin F. Hockey Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

/s/Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576
Fax: (202) 514-8624

May 30, 2008

Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 30th day of May, 2008, a copy of "Defendant's Answer" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Carrie A. Dunsmore
Carrie A. Dunsmore