IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JEFFREY B. KING, SCOTT A. AUSTEN, KEVIN J. HARRIS, AND JOHN J. HAYS, | ) | |
| Plaintiffs, | ) | No. 07-589C (Judge Hewitt) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT AND MOTION FOR EXTENSION OF TIME TO FILE DISCOVERY PLAN**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC") and the Court's Special Procedures Order, plaintiff and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiffs state that the Court has jurisdiction to consider and decide this action pursuant to the Tucker Act, 28 U.S.C. § 1491. Defendant filed a motion to dismiss this action for lack of subject matter jurisdiction, which the Court denied on May 15, 2008.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties request bifurcation of damages and liability for trial. In the event that liability is established, the parties will attempt to agree upon damages and other relief without further Court intervention. In the event that the parties cannot agree upon damages and other

relief, the parties will seek the Court's assistance.

d. Deferral

The parties agree that this case should not be deferred pending resolution of any other cases. The parties further state that they are not aware of any basis for transferring or remanding the case to another tribunal, and that they are not aware of any related cases in this or any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

Plaintiffs intend to file a motion for class certification on July 11, 2008. Defendant will likely oppose this motion.

g. Dispositive Motions

Defendant states that it intends to file a motion for summary judgment pursuant to RCFC 56 after discovery has been completed. Plaintiffs reserve the right to file a cross-motion for summary judgment pursuant to RCFC 56 after discovery has been completed

h. Relevant Issues

Plaintiff's Statement Of the Issues

(1) Whether the FBI must pay plaintiff FBI Police officers pay and benefits equivalent to that of the United States Secret Service Uniformed Division as mandated by 28 U.S.C. § 540C, which provides that such pay and benefits "shall apply with respect to pay periods beginning after January 1, 2003."

(2) If the FBI must pay plaintiff FBI Police officers pay and benefits as mandated by 28 U.S.C. § 540C, what is the proper past and future relief for plaintiffs?

Defendant's Statement Of the Issues

(1) Whether 28 U.S.C. § 540C ("section 540C"), which provides that the Director of the Federal Bureau of Investigation "may appoint uniformed representatives of the FBI as FBI Police for duty in connection with the policing of all FBI buildings and grounds" was ever implemented into law such that plaintiffs FBI police officers as provided for in that statute?

(2) Whether, even if section 540C was implemented into law, plaintiffs are entitled to Back Pay under that statute?

(3) If liability is proven, what are the proper damages.

i. Settlement

The parties anticipate pursuing settlement negotiations upon an informal basis as the litigation progresses. The parties do not anticipate that alternative dispute resolution would be helpful at this time, but will consider the use of alternative dispute resolution as the case progresses.

j. Trial

As stated above, after discovery has been completed, the parties will likely submit cross-motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling. The parties request that the location of the trial be determined after discovery is complete, but anticipate that the most convenient location will be in Washington, D.C., based on the location of the witnesses.

k. Electronic Case Management

The parties have no special issue regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Scheduling Plan

The parties propose that initial disclosures regarding liability issues be filed by August 21, 2008. The parties respectfully request that they be permitted to provide the remainder of their proposed scheduling plan on that date. The reason for this request is that the parties require additional time to draft their discovery plans and to determine exactly what schedule will be most appropriate for this matter. Moreover, the schedules of both counsels of record require additional time to determine the appropriate scheduling plan. Counsel for plaintiffs will be out of the office from July 12 - July 28, 2008, and will be lead counsel in a hearing from August 4 - August 7, 2008. Counsel for the Government will be conducting discovery in another matter in Topeka, Kansas from July 21-July 25, 2008, and in Fort Worth, Texas from July 28 - July 31, 2008. Accordingly, the parties respectfully request an extension of time to provide the remainder of their proposed scheduling plan until August 21, 2008.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

/s/Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576
Fax: (202) 514-8624

Attorneys for Defendant

AND

/s/ Sandra Mazliah
Sandra Mazliah
PASSMAN & KAPLAN, P.C.
1090 Vermont Avenue, N.W., Suite 500
Washington, D.C. 20005
TEL: (202) 789-0100
FAX: (202) 789-0101

July 9, 2008

Attorney for Plaintiff