**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **JEFFREY B. KING, SCOTT A. AUSTEN, KEVIN J. HARRIS, AND JOHN J. HAYS,**<br><br>**For themselves and on behalf of all others similarly situated**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **PLAINTIFFS' MOTION TO CERTIFY CLASS ACTION**<br><br>**Case No. 1:07-cv-589**<br><br>**(Judge Emily C. Hewitt)** |

Plaintiffs, by and through their undersigned counsel, and pursuant to Rule 23 of the Rules of the United States Court of Claims, move this Court to certify the following proposed opt-in plaintiff class:

Class Description: The plaintiff class consists of an opt-in class of persons who meet the following requirement:

> All employees of Defendant who were, are, or will be employed as a member of the FBI police during at least any one pay period beginning after January 1, 2003; and
>
> Who did not receive pay and benefits equivalent to the pay and benefits applicable to members of the United States Secret Service Uniformed Division as required by 28 USC §540C.

Plaintiffs also move for the appointment of their attorneys, Passman & Kaplan, PC as Class Counsel, and of Jeffrey B. King, Scott A. Austen, Kevin J. Harris, and John J. Hays as Class Representatives for the Rule 23 Class. In addition, Plaintiffs move for

the court to designate their attorneys, Passman & Kaplan, PC as "interim counsel" to act on behalf of the putative class, if needed, before determining whether to certify the action as a class action.

Plaintiffs rely on the accompanying Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Certify Class Action.

Dated July 11, 2008

Sandra Mazliah

Sandra Mazliah
PASSMAN & KAPLAN, P.C.

Debra D'Agostino
Joanna Friedman
PASSMAN & KAPLAN, P.C.
1090 Vermont Avenue, N.W.
Suite 500
Washington, D.C. 20005
TEL: (202) 789-0100
FAX: (202) 789-0101

Attorneys for the Plaintiffs

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**JEFFREY B. KING, SCOTT A. AUSTEN, KEVIN J. HARRIS, AND JOHN J. HAYS,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

**PLAINTIFFS' MOTION TO CERTIFY CLASS ACTION**

**Case No. 1:07-589C**

**Judge Emily C. Hewitt**

# PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY CLASS ACTION

Sandra Mazliah
PASSMAN & KAPLAN, P.C.

Debra D'Agostino
Joanna Friedman
PASSMAN & KAPLAN, P.C.
1090 Vermont Avenue, N.W., Suite 500
Washington, D.C. 20005
TEL: (202) 789-0100
FAX: (202) 789-0101

Attorneys for the Plaintiffs

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ..... iii

I. INTRODUCTION ..... 1

II. FACTS ..... 1

III. CLASS CERTIFICATION IS APPROPRIATE IN THIS CASE ..... 6

A. The Standards For Class Certification ..... 6

B. This Case Satisfies All of the Prerequisites Set Forth in Rule 23 ..... 7

1. The "Numerosity" Requirement ..... 7

2. The "Commonality" Requirement ..... 10

a. There are Questions of Law or Fact Common to the Class. ..... 10

b. The Common Questions of Law or Fact Predominate Over Questions ..... 11

3. The United States Has Refused to Act on Grounds Generally Applicable to the Proposed Class. ..... 13

4. Plaintiffs' Claims are Typical of the Class ..... 13

5. Plaintiffs Adequately Represent the Interests of the Proposed Class ..... 14

6. The "Superiority" Requirement ..... 17

IV. CONCLUSION AND REQUEST FOR ORAL ARGUMENT ..... 19

APPENDIX ..... 20

INDEX TO APPENDIX ..... 21

**Plaintiffs' Exhibit No. 1**, Senator Patrick Leahy's Section-by-Section Analysis of the FBI Reform Act of 2002 ..... 22

**Plaintiffs' Exhibit No. 2**, Affidavit of Yiu Tak Tao (January 30, 2008) ..... 25

**Plaintiffs' Exhibit No. 3**, Correspondence dated January 18, 2007, from Thomas Nunley, Acting Chief, Special Deputations Unit, to Richard McFeely, FBI, Chief Operational Support Section ........ 27

**Plaintiffs' Exhibit No. 4**, Affidavit of Gregg A. Oliverio (January 28, 2008) ........ 29

**Plaintiffs' Exhibit No. 5**, Affidavit of Shawn Strushensky (January 25, 2008) ........ 31

**Plaintiffs' Exhibit No. 6**, Affidavit of Scott Giles (January 28, 2008) ........ 33

**Plaintiffs' Exhibit No. 7**, Affidavit of John J. Hays (January 28, 2008) ........ 35

**Plaintiffs' Exhibit 8**, Signed consent forms from 152 current or past members of the FBI Police ........ 37

**Plaintiffs' Exhibit 9**, GAO-07-121: Federal Law Enforcement, Survey of Federal Civilian Law Enforcement Functions and Authorities, December 2006 ........ 190

**Plaintiffs' Exhibit 10**, U.S. DOJ Bureau of Justice Statistics Bulletin, July 2006, NCJ 212750 ........ 193

## TABLE OF AUTHORITIES

### CASES

*Allen v. McWane, Inc.*, 2006 WL 3246531, (E.D.Tex. Nov. 7, 2006)........................................8

*Allison, et al v. U.S.*, (No. 93-93C, Ct. Cl.) ........................................................................16

*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997) ..........................................................11

*Armstrong* v. *Davis*, 275 F.3d 849 (9th Cir. 2001) ..................................................................11

*Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439 (N.D. Cal. 1994)....................13

*Barnes v. United States*, 68 Fed. Cl. 492 (2005).....................................7, 9, 10, 11, 12, 14, 17

*Belle* v. *Jefferson-Pilot Life Ins. Co.*, 438 F.3d 376 (4th Cir. 2006)..........................................7

*Berkley* v. *United States*, 45 Fed.Cl. 224 (1999) ..............................................................13, 18

*Coopers & Lybrand* v. *Livesay*, 437 U.S. 463 (1978) ..........................................................10

*Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir. 1986) .....................................8

*E. Tex. Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395 (1977).........................................7

*Eddie Lee et. al v. Department of the Army*, EEOC Case No 130-2000-08158X (2003).........16

*Eisen* v. *Carlisle & Jackson*, 417 U.S. 156 (1974)............................................................7, 14

*Fisher v. United States*, 69 Fed. Cl. 193 (2006) ..............................................................10, 13

*Forbush* v. *J.C. Penney Co., Inc.*, 994 F.2d 1101 (5th Cir. 1993)...........................................10

*Franconia Assoc. v. United States*, 61 Fed. Cl. 718 (2004)....................................................13

*Freedman v. Louisiana-Pac. Corp.*, 922 F. Supp. 377 (D. Or. 1996) .......................................8

*Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147 (1982).......................................6, 7, 10

*Health Ins. Plan of Greater N.Y.* v. *United States*, 62 Fed. Cl. 33 (2004)...............................13

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2nd Cir. 1992)...........................14

*Jenkins* v. *Raymark Indus.*, 782 F.2d 468 (5th Cir. 1986) ....................................................11

*Kilgo* v. *Bowman Transp., Inc.*, 789 F.2d 859 (11th Cir. 1986) ..........................................7, 9

*Moore v. United States,* 41 Fed.Cl 394 (1998) ...........................................................18

*Patrick, et al. v. Department of Agriculture*, (No. 97-3104, Fed. Cir. (pending))..................16

*Russo, et al. v. Babbitt, Department of the Interior*, EEOC Case No. 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X (1998)..16

*Shipes* v. *Trinity Indus.*, 987 F.2d 311 (5th Cir. 1993) ..................................................13

*Taylor* v. *United States*, 41 Fed. Cl. 440 (1998) ...........................................................12

*Thiess, et al. v. DeWitt, Director, Federal Emergency Management Agency*, (No. 96-1060, Fed. Cir. 1996) ..........................................................................................16

STATUTES

28 U.S.C. § 540C ...........................................................1, 2, 3, 4, 5, 8, 11, 12, 13, 14, 17, 19

28 U.S.C. § 540C(b)(2).....................................................................................................4

28 U.S.C. § 540C(b)(3).....................................................................................................4

28 U.S.C. § 540C(b)(4).....................................................................................................4

40 U.S.C. § 318...............................................................................................................1

Public Law 107-273 .........................................................................................................3

RULES

Court of Federal Claims Rule 20(a)....................................................................................18

Court of Federal Claims Rule 23 ..................................................................9, 17, 18

Court of Federal Claims Rule 23(a)..........................................................................6, 7

Court of Federal Claims Rule 23(a)(1) ......................................................................7, 10

Court of Federal Claims Rule 23(a)(2) ....................................................................10, 11

Court of Federal Claims Rule 23(a)(3) .......... 13, 14

Court of Federal Claims Rule 23(a)(4) .......... 14, 17

Court of Federal Claims Rule 23(b) .......... 6

Court of Federal Claims Rule 23(b)(1) .......... 10, 13

Court of Federal Claims Rule 23(b)(2) .......... 10, 12, 17

Court of Federal Claims Rule 23(c)(2)(B) .......... 9

Court of Federal Claims Rule 23(g) .......... 15

Court of Federal Claims Rule 23(g)(1)(B) .......... 15

Court of Federal Claims Rule 23(g)(1)(C)(i) .......... 15

Federal Rule of Civil Procedure 23 .......... 7, 17

Federal Rule of Civil Procedure 23(a)(2) .......... 10, 11

## I. INTRODUCTION

Plaintiffs are employed by the Federal Bureau of Investigation (FBI) as FBI Police Officers. The class represented by plaintiffs consists of all FBI Police Officers who worked during at least one pay period after January 1, 2003. The class members work at various facilities including the J. Edgar Hoover Building (JEH); the Criminal Justice Information Services (CJIS) Division in Clarksburg, West Virginia; the New York Field Office; the FBI Academy in Quantico, Virginia; and other facilities or locations to which FBI Police Officers are assigned by either regular or special assignment. Plaintiffs allege that the class members are being denied pay and benefits mandated by 28 U.S.C. §540C, which states FBI Police Officers' pay and benefits shall be equivalent to the pay and benefits of the United States Secret Service Uniformed Division effective in pay periods beginning after January 1, 2003.

## II. FACTS

In 1971, the General Services Administration (GSA) created the Federal Protective Service (FPS) to provide security at federal buildings controlled by GSA. 40 U.S.C. §318 (2002). GSA later delegated its authority to appoint uniformed guards to protect certain buildings used by the FBI, such as the JEH, to the Department of Justice (DOJ), which in turn delegated the authority to the FBI.[1] In 1987, pursuant to 40 U.S.C. §318 and the authority delegated from GSA, the FBI created the FBI Police to protect FBI facilities. *See* Def.'s

---

[1] *See e.g.,* Def.'s Motion to Dismiss for Lack of Jurisdiction (Def.'s Motion to Dismiss), at Exs. 1, 2, 3 and 4. *See also* Def.'s Motion at Ex. 1, Appendix I. At this point, the record does not contain all the delegations of authority for all the buildings or offices which the FBI Police protect or have protected. Without discovery, Plaintiffs do not have access to these documents.

Motion to Dismiss, at 4. As a result, the FBI's Guard, GS-0085, positions were reclassified as Police Officer, GS-0083, positions. *Id.*

According to Defendant, FBI Police Officers assigned to the New York Field Office and the FBI Academy in Quantico, VA (which are buildings not controlled by GSA) never operated under authority delegated from GSA, but were instead "deputized by the U.S. Marshals Service [("USMS")]." *See* Def.'s Motion to Dismiss at 6, n. 4. Additionally, Defendant stated that absent deputation by the USMS, the FBI Police Officers assigned to protect non-GSA controlled buildings, such as New York and Quantico, and other GSA facilities without delegations ("Non-delegated Facilities") had no law enforcement authority. *Id.* Thus, Defendant asserted that prior to the enactment of Section 540C, FBI Police Officers had two sources of law enforcement authority, depending on where the Officer worked: 1) FBI officers who worked in GSA-controlled buildings obtained their authority from GSA's delegations of authority, and 2) the FBI officers who worked at the Non-delegated Facilities obtained their authority from USMS deputization.

In 2002, Senator Patrick Leahy co-sponsored the FBI Reform Act of 2002, the goal of which was to increase FBI Police retention rates by raising their salaries and benefits. Senator Leahy, in his section-by-section analysis of the Act, states that the FBI Reform Act of 2002 would provide:

> ...statutory authorization for an already existing FBI police force that protects FBI buildings and adjacent streets. Currently, the FBI police suffers from a high rate of turnover due to lower pay and fewer benefits than the Uniformed Division of Secret Service or Capitol and Supreme Court police. This title will close that disparity.

Plaintiffs' Exhibit 1, Sen. Leahy's Section-by-Section Analysis, at 4. On November 2, 2002, the President signed the 21st Century Department of Justice Appropriations Authorization Act.

*See* Public Law ("PL") 107-273; H.R. 2215-107th Congress (2001). Title I, §11024, which was later codified as 28 U.S.C. §540C, and is entitled "FBI Police" states:

> This section authorizes the establishment of a police force within the FBI to provide protection for FBI buildings and personnel in areas. For example, FBI police provide security and protection at the main headquarters building in Washington, D.C., the FBI academy at Quantico, Virginia, and the Criminal Justice Information Services Complex in Clarksburg, West Virginia. Additionally, the FBI police will be authorized to provide these security services at the FBI's larger field offices.

*Id.* 28 U.S.C. §540C, as codified, provides in relevant part:

> **(b) Establishment of FBI police; duties.—**
>
> **(1) In general.**--Subject to the supervision of the Attorney General, the Director may establish a permanent police force, to be known as the FBI police.
>
> **(2) Duties.**--The FBI police shall perform such duties as the Director may prescribe in connection with the protection of persons and property within FBI buildings and grounds.
>
> **(3) Uniformed representative.—** The Director, or designated representative duly authorized by the Attorney General, may appoint uniformed representatives of the Federal Bureau of Investigation as FBI police for duty in connection with the policing of all FBI buildings and grounds.
>
> **4) Authority.--**
>
> **(A) In general.**--In accordance with regulations prescribed by the Director and approved by the Attorney General, the FBI police may--
> **(i)** police the FBI buildings and grounds for the purpose of protecting persons and property;
> **(ii)** in the performance of duties necessary for carrying out subparagraph (A), make arrests and otherwise enforce the laws of the United States, including the laws of the District of Columbia;
> **(iii)** carry firearms as may be required for the performance of duties;
> **(iv)** prevent breaches of the peace and suppress affrays and unlawful assemblies; and
> **(v)** hold the same powers as sheriffs and constables when policing FBI buildings and grounds.
>
> * * *
>
> **(5) Pay and benefits.--**

> **(A) In general.**--The rates of basic pay, salary schedule, pay provisions, and benefits for members of the FBI police shall be equivalent to the rates of basic pay, salary schedule, pay provisions, and benefits applicable to members of the United States Secret Service Uniformed Division.
> **(B) Application.**--Pay and benefits for the FBI police under subparagraph (A)--
> > **(i)** shall be established by regulation;
> > **(ii)** shall apply with respect to pay periods beginning after January 1, 2003; and
> > **(iii)** shall not result in any decrease in the rates of pay or benefits of any individual.

* * *

as 28 U.S.C. §540C.

Beginning on or after January 1, 2003, the FBI Police Officers' law enforcement authority derived from §540C. It is undisputed that since the passage of Section 540C, the Director has appointed FBI Police Officers. *See* §540C(b)(3) (the Director "may appoint uniformed representatives of the Federal Bureau of Investigation as FBI Police for duty in connection with the policing of all FBI buildings and grounds."). It is also undisputed that since the passage of Section 540C, the FBI Police have performed duties the Director prescribed in connection with the protection of persons and property. *See* §540C(b)(2) ("FBI police shall perform such duties as the Director may prescribe in connection with the protection of persons and property within FBI buildings and grounds."). Further, it is undisputed that since the passage of Section 540C, the FBI Police have policed FBI buildings and grounds, made arrests and enforced the laws of the United States, carried firearms, etc., all which are duties allowed and authorized by §540C. *See* §540C(b)(4) (identifying certain duties that the FBI Police can perform).

Moreover, relying on the authority in Section 540C, the USMS ceased deputizing FBI Police Officers. Thus, the FBI Police Officers who worked at the Non-delegated Facilities no

longer obtained their authority from USMS deputization. The USMS' reason was that there was "existing statutory authority in Title 28 USC Section 540C for FBI Police Officers to perform the functions outlined...This particular statute negates the need to convey additional authority to these individuals, therefore, deputizing them is not necessary." *See* Plaintiffs' Exhibit 3, correspondence dated January 18, 2007. *See also,* Plaintiffs' Exhibit 2, Affidavit of Officer Yiu Tak Tao, dated January 30, 2008, ("Since the expiration of my authority...I have not received U.S. Marshals Deputation authority or any local law enforcement authority of any kind, but have continued to perform all my job functions); Plaintiffs' Exhibit 4, Affidavit of Gregg A. Oliverio, dated January 28, 2007, (Officer Oliverio and three other FBI Police officers were deployed to Dallas, Texas to guard an FBI Mobil Command Post yet none were deputized and six officers were deployed to Winchester, VA, and were not deputized); Plaintiffs' Exhibit 5, Affidavit of Shawn Strushensky, dated January 25, 2008, (Officer Strushensky was one of eight police officers sent to Phoenix, Arizona, to work security for an FBI command center but were not deputized); Plaintiffs' Exhibit 6, Affidavit of Scott Giles, dated January 28, 2008, (Officer Giles attended legal training and was told that deputizations were not necessary as the officers were covered under §540C.). Plaintiffs' Exhibit 7, Affidavit of John J. Hays, dated January 28, 2008, (Officer Hays flew armed from Pittsburgh to Chicago, and then to Portland, where he was armed daily. Officer Hays was informed that he had his "normal jurisdiction" to make arrests, but he was not deputized by the U.S. Marshals Service or by any local agency.).

## III. CLASS CERTIFICATION IS APPROPRIATE IN THIS CASE

### A. The Standards For Class Certification

When a group of individuals assert claims that present common issues of fact or law, "the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion... ." *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 155 (1982) (alteration in original) (citation omitted). Class actions initiated in the United States Court of Federal Claims may be certified: "only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims of the representative parties are typical of the claims of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Court of Federal Claims Rule (RCFC) 23(a). In addition, a class action may only proceed in this Court when:

> (1) the United States has acted or refused to act on grounds generally applicable to the class; and
>
> (2) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

RCFC 23(b).

The requirements of RCFC 23(a) and (b) have been grouped into five categories: "(i) numerosity - a class so large that joinder is impracticable; (ii) commonality–in terms of the presence of common questions of law or fact, the predominance of those questions, and the treatment received by the class members at the hands of the United States; (iii) typicality–that the named parties' claims are typical of the class; (iv) adequacy–relating to fair

representation; and (v) superiority–that a class action is the fairest and most efficient way to resolve a given set of controversies." *Barnes v. United States*, 68 Fed. Cl. 492, 494 (2005) (citations omitted). To prevail in their motion to certify a class, plaintiffs must establish that their proposed class action satisfies each element of RCFC 23 by a preponderance of the evidence. *See id.* at 495; *see also Belle* v. *Jefferson-Pilot Life Ins. Co.*, 438 F.3d 376 (4th Cir. 2006).

In determining whether the requirements of RCFC 23(a) and (b) are met, the Court should not consider "whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits… ." *Eisen* v. *Carlisle & Jackson*, 417 U.S. 156, 177-78 (1974); *see also Falcon,* 457 U.S. at 161. At this juncture, the trial court must assume the truth of the factual assertions in the Complaint. *See Barnes*, 68 Fed. Cl. at 495 (*citing E. Tex. Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 405-06, (1977) ).

**B. This Case Satisfies All of the Prerequisites Set Forth in Rule 23**

As noted above, a party seeking class certification must establish that the numerosity, commonality, typicality, adequacy of representation, and superiority requirements of Rule 23 have been met. Here, each of the prerequisites is satisfied.

**1. The "Numerosity" Requirement**

The "numerosity" requirement is satisfied if the proposed "class is so numerous that joinder of all members is impracticable[.]" RCFC 23(a)(1). Several factors determine numerosity including, but not limited to: "the size of the class,…the facility of making service upon them if joined, and their geographic dispersion." *Kilgo* v. *Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986) (discussing FED.R.CIV.P. 23). As a general rule, classes numbering greater than 40 individuals satisfy the numerosity requirement. *See Cox v.*

*American Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (generally more than 40 class members is adequate); *see also,* 5 James Wm. Moore *et al.*, Moore's Federal Practice § 23.22[1][b] (3d ed. 2004). Further, plaintiffs need not allege the exact number or identity of class members to satisfy the numerosity prerequisite, although mere speculation as to the number of parties involved will not satisfy the numerosity requirement. *See Freedman v. Louisiana-Pac. Corp.*, 922 F. Supp. 377, 398 (D.Ct. Or. 1996); 7 Wright, Miller, & Kane, Federal Practice and Procedure § 1762 (3d ed. 1995).

Plaintiffs' class description carefully details with specificity who is included within the class:

> All employees of Defendant who were, are, or will be employed as a member of the FBI police during at least any one pay period beginning after January 1, 2003; and
>
> Who did not receive pay and benefits equivalent to the pay and benefits applicable to members of the United States Secret Service Uniformed Division as required by 28 USC §540C.

Although plaintiffs do not yet know the exact number of the putative class, at a minimum the potential class numbers 152. *See* Plaintiffs' Exhibit 8, signed consent forms from 152 current or past members of the FBI Police, all who worked at least one pay period beginning after January 1, 2003, and all who did not receive pay and benefits equivalent to the pay and benefits applicable to members of the United States Secret Service Uniformed Division as required by 28 USC §540C. Upon information and reasonable belief, plaintiffs are located in every location where FBI Police are regularly stationed, including but not limited to Washington, DC, Virginia, West Virginia, and New York. *See Allen v. McWane, Inc.*, 2006 WL 3246531, at *2 (E.D.Tex. Nov. 7, 2006) (nationwide certification where there were opt-ins from six out of thirteen facilities).

Plaintiffs reasonably believe that the potential class is approximately twice the number of those who already consented to be part of the class. As of 2006, the FBI reported that there were approximately 240 current FBI Police Officers. *See* Plaintiffs' Exhibit 9 (GAO-07-121: Federal Law Enforcement, Survey of Federal Civilian Law Enforcement Functions and Authorities, December 2006; and Plaintiffs' Exhibit 10 (U.S. DOJ Bureau of Justice Statistics Bulletin, July 2006, NCJ 212750, at p. 4). This number, however, does not include members of the potential class who worked as FBI Police officers during the relevant period, but whose employment terminated or those Officers who the FBI Director has appointed since the 2006 reporting.

Further, the "ease" of identifying members and ascertaining their addresses is a factor in determining the practicability of joinder. *See Kilgo*, 789 F.2d at 878. However, under RCFC 23, this factor is of less import than in other jurisdictions because class actions in the United States Court of Federal Claims are of the opt-in variety. *See* RCFC 23(c)(2)(B) ("[T]he court will include in the class any member who requests inclusion[.]"); *see also Barnes*, 68 Fed. Cl. at 495 n.4 ("Several cases hold that another aspect of the numerosity requirement is that there be a legally definable class that can be ascertained through reasonable effort. Such concerns, however, generally have been raised only in the context of so-called 'opt-out' class actions, in which the stakes of not contacting a class member are high." (internal citations omitted)).

In this case, the Government should be able to accurately and easily determine the members of the class through employment and pay records. The class members constitute a large, but manageable size for the purposes of serving notice. *See* RCFC 23(c)(2)(B) ("[T]he court must direct to class members the best notice practicable under the circumstances,

including individual notice to all members who can be identified through reasonable effort."). Accordingly, the class is clearly sufficiently numerous that joinder of each member of the class would be impracticable, and thus the numerosity requirement of Rule 23(a)(1) is easily satisfied.

**2. The "Commonality" Requirement**

The "commonality requirement" entails three inquiries: (1) whether there are "questions of law or fact common to the class;" (2) whether those common questions "predominate over any questions affecting only individual members;" and (3) whether the "United States acted or refused to act on grounds generally applicable to the class." RCFC 23(a)(2), (b)(1), (b)(2). To ascertain whether the "commonality requirement" is met, the Court must "seek to develop an understanding of the relevant claims, defenses, facts and substantive law." *Barnes*, 68 Fed. Cl. at 496 (citing *Falcon,* 457 U.S. at 160); *see also Coopers & Lybrand* v. *Livesay*, 437 U.S. 463, 469 (1978) ("[T]he class determination generally involves considerations that are "enmeshed in the factual and legal issues comprising the plaintiff's cause of action.").

a. There are Questions of Law or Fact Common to the Class.

The RCFC 23(a)(2) requirement that there be "questions of law or fact common to the class" is satisfied when there is at least "one core common legal question that is likely to have one common defense," the resolution of which will affect all or a significant number of the putative class members. *See Fisher v. United States*, 69 Fed. Cl. 193, 199-200 (2006) (citing *Forbush* v. *J.C. Penney Co., Inc.*, 994 F.2d 1101,1106 (5th Cir. 1993) ("The interests and claims of the various plaintiffs need not be identical. Rather, the commonality test [of FED. R. CIV. P. 23(a)(2) ] is met when there is at least one issue whose resolution will affect all or a

significant number of the putative class members," (internal quotation and citation omitted)). The threshold of commonality, however, is "not high" under RCFC 23(a)(2). *Id.* (quoting *Jenkins* v. *Raymark Indus.*, 782 F.2d 468, 472 (5th Cir. 1986) (same re: FED. R. C IV. P. 23(a)(2))).

In this case, there is one overarching legal issue: Is the FBI required to pay members of the FBI Police equivalent pay and benefits to members of the United States Secret Service Uniformed Division mandated by 28 U.S.C. §540C? All questions of fact and law leading to the answer to that question are common to all members of the class as all members have not, and are not, being paid the mandated amounts. Thus, the Court's requirements for commonality are satisfied. *See Barnes*, 68 Fed. Cl. at 496 (citing *Armstrong* v. *Davis*, 275 F.3d 849, 868 (9th Cir. 2001) ("[C]ommonality is satisfied [under FED. R.CIV.P.23(a)(2) ] where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members. In such circumstance, individual factual differences among the individual litigants or groups of litigants will not preclude a finding of commonality.").

b. <u>The Common Questions of Law or Fact Predominate Over Questions Affecting Individual Members.</u>

The RCFC 23(a)(2) requirement that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.". *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623-624 (1997). In this case, the key question is whether the FBI must pay the class members in accordance with Section 540C. This question applies to the entire class and thus predominates over any other questions of law or fact.

Defendant argues that prior to the enactment of Section 540C the FBI Police Officers obtained their authority from different places, *e.g.* GSA delegation or USMS Deputization. However, the question before the Court is whether since January 1, 2003, when Section 540C was signed into law (or at some later time), the FBI is required to pay the FBI Police is accordance with Section 540C. There is no basis to divide the class based on Defendant's claims that pre-Section 540C the FBI Police Officers derived their authority from different sources as there is no evidence that Section 540C applied to only some, but not all, FBI Police Officers.

Moreover, although the individual damage determinations will differ based on the salary each individual class member earned, this does not change the issue before the Court on liability. The common question of law and fact presented in this case satisfies the "predominance" requirement of RCFC 23(b)(2) because the cause of action challenges a system-wide failure to pay salary and benefits under Section 540C. *See Taylor* v. *United States*, 41 Fed. Cl. 440, 446 (1998) ("In this case, there are separate factual issues, such as the length of employment for each claimant, the date retirement was requested by each employee, and the amount of severance pay received by each employee. These minor factual differences do not predominate over the legal question such that certification of the class action is inappropriate."). Further, the Court requiring individual proof of money damages, does not prevent the Court from certifying the class to determine whether the government is liable to class members for pay and benefits. If necessary, the court can determine damages for individual class members later. Additionally, this Court has held that if the need for individual damages calculations was determinative, "there scarcely would be a case that would qualify for class status in this court." *Barnes*, 68 Fed.Cl. at 498 ("And while defendant

stresses that each class member individually would have to prove his or her damages with particularity, its is noteworthy that this court has employed damage estimations in other cases, and conceivably could employ similar principles here. *See generally*, *Franconia Assoc. v. United States*, 61 Fed. Cl. 718, 770 & n.93 (2004) (discussing the jury verdict method of establishing damages); *Health Ins. Plan of Greater N.Y.* v. *United States*, 62 Fed. Cl. 33, 43-47 (2004) (extrapolating damages derived from samples of computer data).").

**3. The United States Has Refused to Act on Grounds Generally Applicable to the Proposed Class.**

Rule 23(b)(1) requires that "the United States has acted or refused to act on grounds generally applicable to the class." Here, the FBI, by uniformly failing to pay the FBI Police Officers in accordance with Section 540C, refused to act on grounds applicable to the whole class. Accordingly, plaintiffs have satisfied their burden.

For the aforementioned reasons, plaintiff have met all three elements of the "commonality" requirement.

**4. Plaintiffs' Claims are Typical of the Class**

Rule 23(a)(3) requires that the "claims of the representative parties are typical of the claims of the class." The threshold for "typicality" is not high. *See Fisher*, 69 Fed. Cl. at 200 (citing *Shipes* v. *Trinity Indus.*, 987 F.2d 311, 316 (5th Cir. 1993); *Berkley* v. *United States*, 45 Fed.Cl. 224, 232 (1999) ("In the past, the typicality requirement…has not been found to be unusually restrictive.")). The class representatives must be part of the class and possess the same interest and suffer the same injury as the class members. *See Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 449 (N.D. Cal. 1994). In this case, the named plaintiffs' claims are not only typical, they are identical to the claims of all of the class members.

First, the class representatives are FBI Police Officers that work for the FBI and perform the duties as are prescribed in connection with the protection of persons and property within FBI buildings and grounds. Second, the class representatives have performed duties allowed and authorized by Section 540C, including policing FBI buildings and grounds, making arrests and enforcing the laws of the United States, carrying firearms, etc. Third, the class representatives have all worked at least one pay period beginning after January 1, 2003. Finally, the class representatives have not been paid in accordance with the requirements of Section 540C. The proposed class consists of similarly situated police officers, *i.e.*, FBI Police Officers who are not being paid in accordance with Section 540C. *See* Compl. ¶ 2 ("Plaintiffs and other similarly situated individuals"); *see also* statements of 152 potential class members at Plaintiffs' Exhibit 8. ("Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C."). Thus, the class representatives' claims are typical of the proposed class which satisfies Rule 23(a)(3) 's typicality requirement.[2]

**5. Plaintiffs Adequately Represent the Interests of the Proposed Class**

Rule 23(a)(4) also requires that the class representatives must "fairly and adequately protect the interests of the class." The threshold inquiry is whether class counsel is "qualified, experienced and generally able to conduct the litigation." *Barnes*, 68 Fed. Cl. at 499 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2nd Cir. 1992)). In this case,

---

[2] An argument by the FBI that Plaintiffs are not typical of the proposed class, because they are not entitled to pay and benefits in accordance with §540C would go to the merits, not class certification. *See Eisen*, 417 U.S. at 177-78 ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of the class action rule are met.).

the named plaintiffs move for the appointment of their attorneys, Passman & Kaplan, P.C., as Class Counsel in accordance with Rule 23(g).[3]

The Court's Rules require that a representative "must fairly and adequately represent the interests of the class." RCFC 23(g)(1)(B). In appointing class counsel, the court must consider the work counsel has done in identifying and investigating the potential claims in the action; counsel's experience in handling class actions, other complex litigation and claims of the type asserted in the action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class. RCFC 23(g)(1)(C)(i). The court may also consider other factors pertinent to counsel's ability to represent the interests of the class. RC.F.C. 23(g)(1)(C)(i).

The named plaintiffs chose Passman & Kaplan, P.C. when seeking legal advice regarding the possible claims in this action. Prior to filing the class complaint, Passman & Kaplan, P.C. performed many hours of legal and factual research to determine if potential claims existed, filed FOIA requests to obtain relevant documents, and were contacted by over 150 of the potential members of the class, all who provided factual information related to the claims in this action. After the class complaint was filed, Defendant filed a Motion to Dismiss for Lack of Jurisdiction, which the plaintiffs, while represented by Passman & Kaplan, P.C. successfully defeated.

The firm of Passman & Kaplan, P.C. has managed numerous class complaints and large consolidated complaints regarding promotions, leave, earnings under the Fair Labor Standards Act, and retirement benefit entitlements. For example, the firm was the class

---

[3] In addition, Plaintiffs move for the court to designate their attorneys, Passman & Kaplan, P.C., as "interim counsel" to act on behalf of the putative class before determining whether to certify the action as a class action.

representative for the class in *Thiess, et al. v. DeWitt, Director, Federal Emergency Management Agency*, No. 96-1060, Fed. Cir. 1996; and was certified as the class representative for the class in *Russo, et al. v. Babbitt, Department of the Interior*, EEOC Case No. 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X (1998). In addition, the firm was counsel to the plaintiffs in *Allison, et al v. U.S.*, No. 93-93C, Ct. Cl. 1993, which was brought under the Fair Labor Standards Act and resulted in a stipulated judgment in favor of the plaintiffs. The firm was also class representative for the class counsel *Eddie Lee et. al v. Department of the Army*, EEOC Case No. 130-2000-08158X (2003), and resulted in a settlement for the plaintiffs. The firm was also counsel to the appellants in *Patrick, et al. v. Department of Agriculture*, No. 97-3104 Fed. Cir. 1997), which involved 32 appellants.

Passman & Kaplan, P.C.'s practice concentrates on employment matters affecting federal civil service employees. The lawyers of Passman & Kaplan, P.C. are noted authors and lecturers in the areas of federal civil service matters. The firm authors the Federal Employees Survival Guide, 2d ed., and the weekly Federal Legal Corner, in the publication FedWeek. In addition, the firm has experience dealing with experts dealing with economic damages, as well as forensic experts, regular and electronic discovery examining government personnel and other records. Passman & Kaplan, P.C. has, and will continue to, devote sufficient resources to this case. Presently, there is a litigation team in place consisting of a partner (Sandra Mazliah), a senior associate (Debra D'Agostino) and an associate (Joanna Friedman). In addition, the firm's law clerk and/or paralegal have contributed to the case. Moreover, the firm's senior partners, Edward Passman and Joseph Kaplan, are fully briefed on the status and issues in the complaint.

The second inquiry under Rule 23(a)(4) is whether Plaintiffs and the proposed class members are free from conflicting interests. *See Barnes*, 68 Fed. Cl. at 499 ("[C]lass members must not have interests that are antagonistic to one another, serving to uncover conflicts of interest between named parties and the class they seek to represent." (internal citations omitted)). Here, each of the named plaintiffs fit squarely within the proposed class and are not subject to any unique defenses. Defendant cannot demonstrate how or why the interests of any of the named plaintiffs could diverge in any way from the interests of any of the members of the proposed class. The interest of the named plaintiffs is to have the FBI conform its policies and practices to the requirements of Section 540C, and to compensate every class member for the rightful pay and benefits which he or she has lost. Thus, plaintiffs' interests are not in conflict with or antagonistic to those of the class. For these reasons, the court should determine that the "adequacy requirement" of RCFC 23(a)(4) is met in this case.

**6. The "Superiority" Requirement**

The class action must also be "superior to other available methods for the fair and efficient adjudication of the controversy." RCFC 23(b)(2). Under FRCP 23, the "superiority requirement" is met when "a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *See Barnes*, 68 Fed. Cl. at 499 (quoting FED. R.CIV.P. 23 Advisory Comm. Note (1966 amendment, subdivision (b)(3))). RCFC 23 recites a similar list of factors: "[U]nder this prong of the analysis, the court is obliged to conduct a cost/benefit analysis, weighing any potential

problems with the manage ability or fairness of a class action against the benefits to the system and the individual members likely to be derived from maintaining such an action." *Id.*

Given that joinder of more then 150 plaintiffs under RCFC 20(a) is impractical, the "superiority" analysis is limited to a comparison between the benefits of individual litigation versus those of a class action. Plaintiffs have established that they similarly are situated to the potential class of FBI Police Officers that they seek to represent. This similarity indicates that there is little benefit to having each proposed class member retain counsel, pay filing fees, and submit duplicative pleadings. In addition, a class action in this case is manageable given the opt-in only nature of class actions under RCFC 23.

A common complaint made by government defendants is that the proposed class is unmanageable because it includes retired and separated employees. However, all of the plaintiffs within this proposed class either work for the United States currently, receive a monthly retirement check from the United States, or have been issued a final "Form 50" upon separation from federal service on which Defendant has recorded the employee's last known home address. This Court has never held that locating every single possible member of a proposed class is a requirement for class certification because this Court's class actions are "opt in" and a good faith attempt at providing notice is sufficient. In addition, for each day the court considers whether or not to certify the class, another day expires on the statute of limitations for the potential class members. However, if a class is certified, the statute is tolled. *See Moore v. United States,* 41 Fed.Cl 394, 400 (1998), *Berkley,* 45 Fed.Cl. at 234-235 ("it is appropriate for a court to give some consideration to the statute of limitations in the interest of justice.").

Accordingly, the court should find that the "superiority requirement" has been met.

## IV. CONCLUSION AND REQUEST FOR ORAL ARGUMENT

For these reasons, the Plaintiffs' Motion for Class Certification should be **GRANTED**. The Plaintiff class will consist of:

> All employees of Defendant who were, are, or will be employed as a member of the FBI police during at least any one pay period beginning after January 1, 2003; and
>
> Who did not receive pay and benefits equivalent to the pay and benefits applicable to members of the United States Secret Service Uniformed Division as required by 28 USC §540C.

Passman & Kaplan, PC (1090 Vermont Ave., Ste 500 Washington DC 20005), is appointed as class counsel.. If necessary, Plaintiffs respectfully request oral argument.

July 11, 2008

Respectfully submitted,

Sandra Mazliah

Sandra Mazliah
PASSMAN & KAPLAN, P.C.

Debra D'Agostino
Joanna Friedman
PASSMAN & KAPLAN, P.C.
1090 Vermont Avenue, N.W., Suite 500
Washington, D.C. 20005
TEL: (202) 789-0100
FAX: (202) 789-0101
Attorney for the Plaintiffs

# APPENDIX

# INDEX TO APPENDIX

**Plaintiffs' Exhibit No. 1**, Senator Patrick Leahy's
Section-by-Section Analysis of the FBI Reform Act of 2002 .................................. 22

**Plaintiffs' Exhibit No. 2**, Affidavit of Yiu Tak Tao
(January 30, 2008) .................................................................................... 25

**Plaintiffs' Exhibit No. 3**, Correspondence dated
January 18, 2007, from Thomas Nunley, Acting Chief,
Special Deputations Unit, to Richard McFeely, FBI,
Chief Operational Support Section .......................................................... 27

**Plaintiffs' Exhibit No. 4**, Affidavit of Gregg A. Oliverio
(January 28, 2008) .................................................................................... 29

**Plaintiffs' Exhibit No. 5**, Affidavit of Shawn Strushensky
(January 25, 2008) .................................................................................... 31

**Plaintiffs' Exhibit No. 6**, Affidavit of Scott Giles
(January 28, 2008) .................................................................................... 33

**Plaintiffs' Exhibit No. 7**, Affidavit of John J. Hays
(January 28, 2008) .................................................................................... 35

**Plaintiffs' Exhibit 8**, Signed consent forms from
152 current or past members of the FBI Police ........................................... 37

**Plaintiffs' Exhibit 9**, GAO-07-121: Federal Law Enforcement,
Survey of Federal Civilian Law Enforcement Functions and Authorities,
December 2006 ........................................................................................ 190

**Plaintiffs' Exhibit 10**, U.S. DOJ Bureau of Justice Statistics Bulletin,
July 2006, NCJ 212750 ............................................................................ 193

# Plaintiffs' Exhibit No. 1

# U.S. SENATOR PATRICK LEAHY

CONTACT: Office of Senator Leahy, 202-224-4242 VERMONT

## FBI REFORM ACT of 2002
## Chief Sponsors: Sen. Patrick Leahy, Sen. Charles Grassley
## SECTION-BY-SECTION ANALYSIS

**TITLE I. Improving FBI Oversight.** Title I of this bill provides for improved Department of Justice and Congressional oversight of the FBI by ensuring that the Department of Justice Office of the Inspector General ("OIG") is authorized to investigate allegations of misconduct at the FBI and requiring a report to the Judiciary Committees on how the OIG carries out this new authority. This title is consistent with provisions in the DOJ Authorization Act, S. 1319/H.R. 2215, which have passed the Senate by unanimous consent.

**Section 101. Authority of Department of Justice Inspector General**

This section would amend Section 8E of the Inspector General Act of 1978 (5 U.S.C. App.) to provide explicit statutory authority for the OIG to investigate all allegations of criminal or administrative misconduct by DOJ employees, including FBI personnel. The OIG is also authorized to refer certain matters to the FBI Office of Professional Responsibility or to the internal affairs office of the appropriate component of the Department. The Attorney General is directed to promulgate regulations implementing this OIG authority.

For many years, the FBI was excluded from OIG jurisdiction and the FBI's own internal Office of Professional Responsibility had sole authority to investigate FBI personnel misconduct, unless the Attorney General made an exception. The FBI's exclusive domain to investigate its own misconduct was unique in the Department and created the appearance of a conflict of interest. On July 11, 2001, Attorney General Ashcroft issued a new rule expanding the OIG's jurisdiction over the FBI.. This section is consistent with, and codifies, the Attorney General's new rule.

**Section 102. Review of the Department of Justice**

To ensure that the OIG has the necessary structure and resources to effectively assume its new jurisdiction over the FBI and that the Congress is fully informed of such needs, this subsection requires the Inspector General to: (1) appoint an official to help supervise and coordinate oversight operations and programs of the FBI

ensure quality assurance and control in accordance with guidance from the DoD Polygraph Institute and the DCI. No adverse personnel action could be taken solely by reason of physiological reaction on an exam without further investigation and personal decision by the Director. Employees could have prompt access to unclassified reports of their exams that relate to adverse personnel action. Section 404 requires a report within 9 months of the enactment of the Act on any further legislative action appropriate in the personnel security area.

**TITLE V. Enhancement and Formalization of the FBI's Police Force.** This title provides statutory authorization for an already existing FBI police force that protects FBI buildings and adjacent streets. Currently, the FBI police suffers from a high rate of turnover due to lower pay and fewer benefits than the Uniformed Division of Secret Service or Capitol and Supreme Court police. This title would close this disparity.

**Sections 501-503. Definitions; Establishment; Authority of Metropolitan Police**

Section 501 defines the terms "Director," "FBI buildings and grounds," and "FBI police" as used in the title. Section 502 authorizes the FBI Director to establish the FBI police, subject to the Attorney General's supervision, to protect persons and property within FBI buildings and grounds, including adjacent streets and sidewalks within 500 feet. FBI buildings and grounds would include any building occupied by the FBI and subject to FBI supervision and control, the land on which such building is situated, and enclosed passageways connecting such buildings. FBI police would be uniformed representatives of the FBI with authority to make arrests and otherwise enforce federal and D.C. laws, carry firearms, prevent breaches of the peace, suppress unlawful affrays and unlawful assemblies, and hold the same powers as sheriffs and constables. FBI police would not have authority to serve civil process. Pay and benefits would be equivalent to pay and benefits for the Secret Service Uniformed Division. Section 503 provides that the authority of the Washington, D.C. Metropolitan Police would not be affected by this title.

**Title VI. Reports.** This title requires two separate reports by the Attorney General and one by the General Accounting Office.

**Section 601. FBI Authority and Mission**

Section 601 requires the Attorney General to submit a report to Congress on the legal authority for FBI programs and activities, identifying those that have express statutory authority and those that do not. The FBI does not have a statutory charter. One was proposed in 1979 but never enacted. Many FBI functions including its national intelligence and counterintelligence activities are authorized by Executive order rather than by statute. This section also requires the Attorney General to recommend the criminal statutes for which the FBI should have investigative

# Plaintiffs' Exhibit No. 2

**Affidavit of Yiu Tak Tao**

1. I am a Federal Bureau of Investigation ("FBI") Police Officer. I work in New York City.

2. As far as I can remember since entering on duty with the FBI Police on March 16, 1997, it was necessary for me to receive and maintain special U.S. Marshall Deputation authority. As described in the FBI Police Handbook (June 2000 ed., pp. 8-9), "The FBI complex at Quantico is not under the 'charge and control of the Administrator, General Services Administrations.' Therefore, the authority to appoint Special Police Officers is not available for use there. In addition, it is my understanding that because of local circumstances, the FBI needed greater security over the spaces it occupied in New York City than could be provided by the Federal Protective Service. Therefore, in both of those locations, the U.S. Marshals' Service deputized some employees as Special Deputy U.S. Marshals.

3. Prior to the expiration of my authority in 2006, I and the entire unit at the New York Office filed for renewals of our U.S. Marshals Deputation authority. My request was denied on the grounds that there is existing statutory authority in Title 28 USC, Section 540C for FBI Police Officers to perform the functions outlined in the application for the authority.

4. Since the expiration of my authority in 2006, I have not received U.S. Marshals Deputation authority or any local law enforcement authority of any kind, but have continued to perform all my job functions.

I, Yiu Tak Tao, have read this statement consisting of 1 page. I hereby declare under a penalty of perjury that the forgoing statement is true, correct, and complete to the best of my knowledge and belief.

The signature of Affiant: Yiu Tak Tao

Date: 1-30-2008

Subscribed and sworn to before me this 30 day of Jan 2008:

The signature of Notary Public

EMILY C. LIU
Notary Public, State of New York
No. 01LI5051174
Qualified in Queens County
Certificate Filed in New York County
Commission Expires October 30, 2009

# Plaintiffs' Exhibit No. 3

U.S. Department of Justice

United States Marshals Service

*Investigative Services Division*

*Washington, DC 20530-1000*

January 18, 2007

j2, b7c, b6 usms

Mr. [redacted]
Chief, Operational Support Section
Federal Bureau of Investigation
Washington, D.C. 20535-0001

Dear Mr. [redacted] usms

Your request to renew and initiate new special deputation authority for FBI Police Officers in New York and Quantico, Virginia has been reviewed and denied. The basis for this denial is that there is existing statutory authority in Title 28 USC, Section 540C for FBI Police Officers to perform the functions outlined in your letter. This particular statute negates the need to convey additional authority to these individuals, therefore, deputizing them is not necessary.

If you believe there is additional information that the U.S. Marshals Service hasn't considered that would otherwise change the outcome of this decision, please provide it to Mrs. [redacted] of the Special Deputations Unit.

j2, b7c, b6 usms

Sincerely,

[redacted]

Acting Chief
Special Deputations Unit

BEST COPY AVAILABLE

# Plaintiffs' Exhibit No. 4

**Affidavit of Gregg A. Oliverio**

3. I am a Federal Bureau of Investigation ("FBI") Lead Police Officer. I am I work in Clarksburg, WV.

4. On Jan. 22-25, 2007 myself and three (3) other officers were deployed to Dallas, TX to guard one of our Mobil Command Posts. The truck and trailer was parked in the fenced in parking lot of the local field office. The office was secured by using contract guards at the gate and in the building. We worked in the trailer securing it while it was in the operational mode.

5. I was not deputized for this assignment. To my knowledge, none of the three (3) officers were deputized by the US Marshall Service or local police.

6. On June 21, 2007 myself and five (5) others were deployed to Winchester, VA for a Family Day event for Bureau employees. The event took place at our office building in which the Bureau leases. Our job was to control entry into the parking lot, stay mobile in the crowd to insure all were authorized to be there and to maintain order.

7. I was not deputized for this assignment. To my knowledge, none of the five (5) officers were deputized by the US Marshall Service or local police.

I, Gregg A. Oliverio, have read this statement consisting of 1 page. I hereby declare under a penalty of perjury that the forgoing statement is true, correct, and complete to the best of my knowledge and belief.

The signature of Affiant: [signature]

Date: 1/28/08

Subscribed and sworn to before me this 28 day of January 2008:

Maryanna Talkington

The signature of Notary Public

OFFICIAL SEAL
Notary Public, State Of West Virginia
MARYANNA TALKINGTON
Rt. 1 Box 1045
Greenwood, WV 26415
My Commission Expires May 15, 2013

# Plaintiffs' Exhibit No. 5

**Affidavit of Shawn Strushensky**

1. I am a Federal Bureau of Investigation ("FBI") Police Officer. I work in Clarksburg, WV.

2. On December 30, 2007 to January 3, 2008, the FBI sent eight (8) Police Officer to Phoenix, AZ to work security for an FBI command center in the area. I was one of the eight (8) officers.

3. I was not deputized for this detail. To my knowledge, none of the eight (8) officers were deputized by the US Marshall Service or local police.

I, Shawn Strushensky, have read this statement consisting of 1 page. I hereby declare under a penalty of perjury that the forgoing statement is true, correct, and complete to the best of my knowledge and belief.

The signature of Affiant: ____________________

Date: 1-25-08

Subscribed and sworn to before me this 25 day of Jan. 2008:

Susan F Balderson
The signature of Notary Public

OFFICIAL SEAL
NOTARY PUBLIC, STATE OF WEST VIRGINIA
SUSAN F. BALDERSON
121 STEELE STREET
BRIDGEPORT, WV 26330
My commission expires April 19, 2012

# Plaintiffs' Exhibit No. 6

**Affidavit of Scott Giles**

1. I am a Federal Bureau of Investigation ("FBI") Police Officer. I work in Quantico, VA.

2. I recently served as deployment supervisor for the TOPOFF 4 exercise in Portland, OR from October 12, 2007 to October 20, 2007. Just prior to this deployment, on or around September 28, 2007, we had mandatory legal training with Attorney Choi from the FBI. At this training, I asked if deputations were necessary for me and the officers going on this deployment, and he replied that they were not as we were covered under 540c.

3. The training session was videotaped. My Lt. asked me to start and end the video. It is my understanding that the videotape still exists and is at Quantico.

4. During my time in Portland, OR, I was not deputized by the U.S. Marshals Service or by any local agency.

I, Scott Giles, have read this statement consisting of 1 page. I hereby declare under a penalty of perjury that the forgoing statement is true, correct, and complete to the best of my knowledge and belief.

The signature of Affiant: [signature]

Date: 1-28-08

Subscribed and sworn to before me this 28th day of January 2008:

[signature]

The signature of Notary Public Comm. expires 08-31-2010

County of Louisa
State of Virginia

HEATHER L. SUTHERLAND
MY COMMISSION EXPIRES
COMMONWEALTH OF VIRGINIA
COMMISSION # 312935
08-31-2010
NOTARY PUBLIC

# Plaintiffs' Exhibit No. 7

**Affidavit of John J Hays**

1. I am a Federal Bureau of Investigation ("FBI") Police Officer. I work in Clarksburg, WV.

2. I was detailed to Portland, OR to assist in the security of the TOPOFF 4 Counter Terrorism from October 12, 2007 to October 20, 2007. I flew armed from Pittsburgh to Chicago then to Portland and upon arrival was armed daily.

3. Once in Portland, myself and the other officers were informed that we had our "normal jurisdiction." We also had jurisdiction to make arrest in the event of a riot situation where the building we were using came under assault.

4. We were working out of TSA office space, in what appeared to be a non-federal building.

5. During my time in Portland, OR, I was not deputized by the U.S. Marshals Service or by any local agency.

I, John J Hays, have read this statement consisting of 1 page. I hereby declare under a penalty of perjury that the forgoing statement is true, correct, and complete to the best of my knowledge and belief.

The signature of Affiant: John J Hays

Date: 1/28/08

Subscribed and sworn to before me this 28 day of January 2008:

Rebecca L Miller

The signature of Notary Public

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
REBECCA L. MILLER
WesBanco Bank, Inc.
2820 White Hall Blvd.
White Hall, West Virginia 26554
My Commission Expires Oct. 5, 2016

# Plaintiffs' Exhibit No. 8

# CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 7/31/07 ____________________

(Signature in ink)

NAME Lisa M Adamcewicz

ADDRESS [redacted]

Arlington VA 22206

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 07/13/07 [signature]

(Signature in ink)

NAME Donald V. Alesi

ADDRESS [redacted]

Locust Valley, NY. 11560

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

**CONSENT FORM AND DECLARATION**

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 7/26/07

(Signature in ink)

NAME Raymond Alvarez

ADDRESS [redacted]

Phila., PA. 19116

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

# CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE June 26 2007 Thomas L Appling

(Signature in ink)

NAME Thomas L Appling

ADDRESS [redacted]

Alexandria VA 22310

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 06/11/07 Scott Austin

(Signature in ink)

NAME Scott Allen Austin

ADDRESS [redacted]

Grafton, WV 26354

HOME PHONE ([redacted]

WORK PHONE ([redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

**CONSENT FORM AND DECLARATION**

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 08-12-07 [signature]

(Signature in ink)

NAME CHRISTOPHER A AYERS

ADDRESS [redacted]

Mechanicsville, md. 20659

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 08-12-07 Rex W. Ayers Sr.

(Signature in ink)

NAME Rex W. Ayers Sr.

ADDRESS [redacted]

Mechanicsville, md. 20659

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

**CONSENT FORM AND DECLARATION**

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 6-12-2007 Richard K. Baker

(Signature in ink)

NAME Richard Keith Baker

ADDRESS [redacted]

Reader, WV 26167

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

**CONSENT FORM AND DECLARATION**

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE Aug 18, 2007 [signature]

(Signature in ink)

NAME JOSEPH G. BALINGIT

ADDRESS [redacted]

SAN DIEGO, CA 92126

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

# CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 6-11-07

[signature]
(Signature in ink)

NAME JASON BANISH

ADDRESS [redacted]

Clarksburg W.V. 26301

HOME PHONE [redacted]

WORK PHONE (__) ________

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 6-14-07 Ronald W. Bauer

(Signature in ink)

NAME Ronald W. Bauer

ADDRESS [redacted]

Philippi WV 26416

HOME PHONE ([redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

**CONSENT FORM AND DECLARATION**

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 6/11/07 Christopher C. Bennett

(Signature in ink)

NAME Christopher C. Bennett

ADDRESS [redacted]

Buckhannon WV 26201

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

**CONSENT FORM AND DECLARATION**

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 8/2/07

(Signature in ink)

NAME FREDERICK J. BEYER

ADDRESS [redacted]

HOLBROOK, NEW YORK 11741

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 6-11-2007

Paul Z. Bowman II
(Signature in ink)

NAME PAUL Z. BOWMAN II

ADDRESS [redacted]

MT. CLARE, WV 26408

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 7/05/2007 Donald Braxton

(Signature in ink)

NAME Donald Braxton

ADDRESS [redacted]

Hillsborough N.J 08844

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 8/6/07 [signature]

(Signature in ink)

NAME KENNETH E. BROOKS III

ADDRESS [redacted]

CHELTENHAM, MD 20623

HOME PHONE ([redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

# CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 7/15/07 [signature]

(Signature in ink)

NAME David Brown

ADDRESS [redacted]

Fredericksburg, VA 22405

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

**CONSENT FORM AND DECLARATION**

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE June 11, 2007 Matthew D. Buck

(Signature in ink)

NAME Matthew D. Buck

ADDRESS [redacted]

Clarksburg, WV. 26301

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

# CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 6/14/07

Julie Bumgardner
(Signature in ink)

NAME Julie Bumgardner, Esq.

ADDRESS [redacted]

Bridgeport WV 26330

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

**CONSENT FORM AND DECLARATION**

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 7-17-07 Michael A. Byrnes

(Signature in ink)

NAME Michael A. Byrnes

ADDRESS [redacted]

Stafford, VA 22554

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

# CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 7-10-07 Michael A. Campbell

(Signature in ink)

NAME Michael A. Campbell

ADDRESS [redacted]

Fairmont WV, 26554

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

**CONSENT FORM AND DECLARATION**

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 6-12-2007 James F Carpenter

(Signature in ink)

NAME James F. Carpenter

ADDRESS [redacted]

Bridgeport WV 26330

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE Dec. 1, 2007 Vito Catalanotto

(Signature in ink)

NAME Vito Catalanotto

ADDRESS [redacted]

Washington, DC 20024

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

# CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 6/7/07 ____________________ (Signature in ink)

NAME Gary X Wayne Chambers

ADDRESS [redacted]

Grafton WV 26354

HOME PHONE ([redacted]

WORK PHONE ([redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE June 28, 2007

Hoi Tat Cheng
(Signature in ink)

NAME Hoi Tat Cheng

ADDRESS [redacted]

Jersey City N.J. 07305

HOME PHONE ( [redacted]

WORK PHONE ( [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

**CONSENT FORM AND DECLARATION**

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 11/26/07 [signature]

(Signature in ink)

NAME David Cheplak

ADDRESS [redacted]

Columbia, MD

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

# CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 6/17/2007 Dale E. Chevront Jr.

(Signature in ink)

NAME Dale E Chevront Jr.

ADDRESS [redacted]

Fairmont WV 26554

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

# CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 7/31/07 Kevin M Clark

(Signature in ink)

NAME Kevin M Clark

ADDRESS [redacted]

Woodbridge Va 22192

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

**CONSENT FORM AND DECLARATION**

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 6-10-07 Marlene Colebank

(Signature in ink)

NAME Marlene Colebank

ADDRESS [redacted]

Fairmont, WV 26554

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

**CONSENT FORM AND DECLARATION**

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE June 9th, 2007

(Signature in ink)

NAME Michael C Colebank

ADDRESS [redacted]

Fairmont W.V. 26554

HOME PHONE [redacted]

WORK PHONE ([redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

**CONSENT FORM AND DECLARATION**

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 06-12-2007 Andrew J Colombo

(Signature in ink)

NAME Andrew J Colombo

ADDRESS [redacted]

Lost Creek WV

HOME PHONE ([redacted]

WORK PHONE ([redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

**CONSENT FORM AND DECLARATION**

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE June 11, 2007 Brian K. Cook

(Signature in ink)

NAME Brian K. Cook

ADDRESS [redacted]

Bridgeport, WV 26330

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101

# CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, past and future benefits, and interest, for the Federal Bureau of Investigation's failure to pay me in accordance with 28 U.S.C. §540C. Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE 09/21/2007 [signature]

(Signature in ink)

NAME MAX Q CROOK

ADDRESS [redacted]

GREENCASTLE PA 17225

HOME PHONE [redacted]

WORK PHONE [redacted]

SOCIAL SECURITY NO. [redacted]

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX: 202-789-0101