IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JEFFREY B. KING, SCOTT A. AUSTEN, KEVIN J. HARRIS, AND JOHN J. HAYS, | ) | |
| Plaintiffs, | ) | No. 07-589C (Judge Hewitt) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PARTIES' JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN**

The parties respectfully submit the following proposed discovery plan in this matter.[1] This discovery schedule is for the liability portion of the trial only as the parties have requested bifurcation of damages and liability. In the event that liability is established, the parties will attempt to agree upon damages and other relief without further Court intervention. In the event that the parties cannot agree upon damages and other relief, the parties will meet and confer, and propose a schedule for the damages portion of discovery and trial, if necessary.

The parties also recognize that this initial proposed scheduling plan may need to be revised and amended given the anticipated extent of discovery in this case, and that the parties do not yet know the difficulties that may be presented in retrieving and producing documents and/or electronic discovery that will be requested. Plaintiffs expect that a first round of requests for production and discovery requests of defendant, followed by depositions, followed by additional requests for production and discovery requests of defendant, which are then followed by a second round of deposition testimony, including if needed, expert depositions.

[1] On July 9, 2008, the parties filed their joint preliminary status report in this case. At that time we requested an extension of time to propound a discovery plan in this matter. The Court

<u>Proposed Scheduling Plan</u>

i. The parties exchanged their initial disclosures on August 21, 2008.

ii. Parties may commence written discovery, including non-party written discovery, at any time.

iii. Written Discovery

a. Without leave of court or additional stipulation, any party may serve upon any other party written interrogatories, not exceeding 40 in number. Such interrogatories may be served on the other party in phases.

b. If the party from whom discovery is sought wishes to object to discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost, the party from who discovery is being sought will provide the requesting party with information to demonstrate that that the information is not reasonably accessible in sufficient detail so as to allow the parties to meet and confer regarding the objection prior to a motion to compel or protective order being sought.

iv. Depositions

a. The parties agree that a party must obtain leave of court in accordance with Rule 30, if a proposed deposition would result in more than twenty (20) depositions of fact witnesses, unless the other party

granted our motion on July 10, 2008.

voluntarily agrees to the additional deposition(s). In addition to the twenty depositions of fact witnesses, the parties shall be entitled to depose any experts named by the opposing side.

v. The parties propose that fact discovery be closed on August 21, 2009, unless leave is provided by the court.

vi. Expert Testimony

a. The parties propose that all expert discovery, including depositions, be concluded on September 30, 2009.

b. The parties will exchange expert reports, if any, on or before July 22, 2009. Rebuttal reports, if any, shall be exchanged on or before August 31, 2009.

vii. Dispositive Motion Schedule

a. The parties propose that they meet and confer two weeks after the close of expert discovery in this matter, or the close of fact discovery if no expert discovery is conducted, and file a proposed schedule for the filing of dispositive motions, on or before than October 14, 2009.

viii. The parties agree to preserve until the final conclusion of this action all documents that are or potentially could be relevant to this action, including but not limited to those stored in an electronic format.

ix. There is no additional information of which the Court should be aware at this time.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

/s/ Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576
Fax: (202) 514-8624

Attorneys for Defendant

AND

/s/ Sandra Mazliah
Sandra Mazliah
PASSMAN & KAPLAN, P.C.
1090 Vermont Avenue, N.W., Suite 500
Washington, D.C. 20005
TEL: (202) 789-0100
FAX: (202) 789-0101

August 21, 2008

Attorney for Plaintiff