**IN THE UNITED STATES COURT**
**OF FEDERAL CLAIMS**

**Case No. 07-589C**

| | | |
|---|---|---|
| **JEFFREY B. KING, SCOTT A. AUSTEN,** | ) | |
| **KEVIN J. HARRIS, AND JOHN J. HAYS,** | ) | |
| **on their own behalf  and on behalf of** | ) | |
| **a class and other similarly situated** | ) | |
| | ) | **JOINT PRELIMINARY** |
| **Plaintiffs,** | ) | **STATUS REPORT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

The parties, by and through undersigned counsel, hereby file the instant Joint Status Report Regarding Further Proceedings required under the Opinion and Order, dated September 26, 2008.  This Joint Report describes a proposed plan for meeting the notice requirements of Rule 23(c) of the Rules of the United States Court of Federal Claims ("RCFC") and responds to the Court's request for further suggested proceedings.


I.      Class Notice

For any class certified under Rule 23(b), the Court must direct to class members the "best notice practicable under the circumstances," including "individual notice to all members who can be identified through reasonable effort."  RCFC 23(c)(2)(B).

To comply with Rule 23(c), the notice must concisely and clearly state in plain, easily understood language several things, including the nature of the action, the definition of the class

certified, the claims, issues and defenses, that a class member may enter an appearance through counsel, that the Court will include in the class any member who requests inclusion, and the binding effect of a class judgment on class members under RCFC 23(c).  Attached as Exhibit A is a proposed Notice for the Court's consideration.

This Court has identified the class members (and persons eligible to receive this notice) as follows:

> All employees of the United States who were or are employed as a member of the FBI police during at least one pay period beginning after January 1, 2003, and who did not receive pay and benefits equivalent to the pay and benefits applicable to members of the United States Secret Service Uniformed Division as required by 28 U.S.C. § 540C.

RCFC 23(c)(2)(B) requires "individual notice to all members who can be identified through reasonable effort."   Defendant acknowledges that it should be in a position to provide plaintiff with the full names, last known addresses, current or last title, current or last location, last known telephone numbers, and last known email address of the potential class members.

The parties propose that, upon receipt of the comprehensive listing of potential plaintiffs from Defendant, class counsel will send at her own expense, via first class mail, the notice contained at Exhibit A, along with a representation agreement, to each individual listed.  Such notice will not be sent to the 152 individuals whose elections were already submitted to the Court as part of the Motion for Class Certification, Exhibit 8.  Class counsel will also post the notice contained at Exhibit A on the Passman & Kaplan website, www.passmanandkaplan.com, and send such notice to any email address provided.

Plaintiffs' Position:  Defendant will provide the comprehensive listing of potential plaintiffs to class counsel by November 7, 2008.  Defendant's proposed date creates statute of limitation problems for the potential class members. Plaintiffs submit that the

for any identified employee for whom an address is needed and who can be identified as having retired, defendant will request the Office of Personnel to provide a home address and last known telephone number.  For any identified employee for whom an address is otherwise needed, Defendant shall cooperate with Plaintiffs' efforts to locate those class members.  Defendant shall bear the cost of all the above tasks.[1]  To the extent addresses are not available for an employee after pursuing the above methods, the parties will confer further regarding the best alternative method for identifying the most recent home address for each employee.  It is Plaintiffs' position that the cost of obtaining this information is likely to be insubstantial so as not to warrant the effort required to calculate it and shift it to the plaintiffs.  Defendant objects to paying the costs, and therefore, if not ordered by the Judge, then in the alternative, Plaintiffs request that the court issue an order directing Defendant to file a cost estimate for identifying potential class members outside of the provision of the information within the Federal Bureau of Investigation's ("FBI") direct control.

Defendant's Position: Defendant will provide the comprehensive listing of potential plaintiffs to class counsel by December 15, 2008. For any identified employee for whom an address is otherwise needed, defendant shall cooperate with plaintiffs' efforts to locate those class members, but any efforts outside of the provision of the information within the FBI's direct control shall be at the class counsel's sole expense.  Defendants cannot

---

[1]      The court, in its discretion, may order a defendant to "perform one of the tasks necessary to send notice, such as identification," where the defendant can do so with greater efficiency or less expense than the plaintiff. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354-6 (1978). Plaintiffs request that the Court use its discretion to leave the cost of complying with its order where it falls.  The cost of obtaining this information is likely to be insubstantial to the Defendant so as not to warrant the effort required to calculate it and shift it to the plaintiffs. *See Sanders* 437 U.S. at 359.

agree to bear unknown costs as proposed by plaintiffs above, regarding plaintiff's undefined efforts to locate class members that are not readily located based upon the initial information provided by the government.[2]


II.   Protective Order

The parties also agree that because this case requires the disclosure of personal information of employees held by the FBI, the parties will endeavor to agree on a Joint Protective Order.  This Protective Order will seek to control the distribution of the information distributed by the FBI to the plaintiff to only the people necessary to the prosecution of the case.


III.   Further Proceedings

The Parties do not at this time see the need for further proceedings outside of those already outlined in prior Joint Preliminary Status Report, filed July 9, 2008, and the Proposed Discovery Plan, filed on August 21, 2008.


October 17, 2008                               Respectfully submitted,


_____

Sandra Mazliah
PASSMAN & KAPLAN, P.C.
1090 Vermont Avenue, N.W., Suite 500
Washington, D.C. 20005
TEL: (202) 789-0100
FAX: (202) 789-0101

Attorney for Class

---

[2] Defendants note that the Supreme Court in *Sanders*, noting that class identification primiarly benefits the plaintiffs, also stated "[f]or this reason, a district court exercising its discretion under Rule 23(d) should be considerably more ready to place the cost of the defendant's performing an ordered task on the representative plaintiff, who derives the benefit, than under Rule 26(c)."  *Sanders*, 437 U.S. at 358-59.

AND

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARTIN F. HOCKEY, JR.
Assistant Director

_____
Christopher Bowen
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn:  Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C.  20530
Tel:  (202) 305-7594
Fax:  (202) 514-8624

Attorneys for Defendant

**IN THE UNITED STATES COURT
OF FEDERAL CLAIMS**

**Case No. 07-589C**

———————————————————————
)
**JEFFREY B. KING, SCOTT A. AUSTEN,**     )
**KEVIN J. HARRIS, AND JOHN J. HAYS,**    )
**on their own behalf  and on behalf of**  )
**a class and other similarly situated**   )
                                            )     **NOTICE OF COLLECTIVE**
            **Plaintiffs,**                 )     **ACTION**
                                            )
            **v.**                          )
                                            )
**THE UNITED STATES,**                      )
                                            )
            **Defendant.**                  )
                                            )
———————————————————————)

TO:     ALL EMPLOYEES OF THE UNITED STATES WHO WERE, OR ARE,
        EMPLOYED AS A MEMBER OF THE FBI POLICE ("FBI POLICE
        OFFICERS") DURING AT LEAST ONE PAY PERIOD BEGINNING AFTER
        JANUARY 1, 2003, AND WHO DID NOT RECEIVE PAY AND BENEFITS
        EQUIVALENT TO THE PAY AND BENEFITS APPLICABLE TO MEMBERS
        OF THE UNIFORMED DIVISION OF THE UNITED STATES SECRET
        SERVICE DIVISIONS AS REQUIRED BY 28 U.S.C. §540C.

RE:     JEFFREY B. KING, SCOTT A. AUSTEN, KEVIN J. HARRIS, AND JOHN J.
        HAYS, ON THEIR OWN BEHALF, AND ON BEHALF OF A CLASS AND
        OTHER SIMILARLY SITUATED VS. THE UNITED STATES, Case No. 07-589C,
        UNITED STATES COURT OF FEDERAL CLAIMS

## INTRODUCTION

The purpose of this Notice is to inform you of a collective action lawsuit brought against the Federal Bureau of Investigation (FBI), to advise you of how your rights may be affected by this action, and to instruct you on the procedure to make a claim if you choose to do so.

## DESCRIPTION OF THE ACTION

On August 2, 2007, an action was filed against Defendant in the U.S. Court of Federal Claims on behalf of the named  plaintiffs and all other similarly-situated individuals who worked as FBI Police officers since January 1, 2003.  At the time of the filing of the Complaint, more than 100

police officers had elected to join in the complaint.  At the time of the filing of the Motion for class Certification, 152 officers elected to join the suit.

The Complaint alleged that the FBI has not complied with 28 U.S.C. § 540C, the FBI Reform Act of 2002 ("Reform Act"), a statute that mandated that the FBI police force be paid the same pay and benefits as members of the Uniformed Division of the United States Secret Service. Specifically, the action alleges that plaintiffs, and all other similarly situated FBI police officers, are owed  back and future pay and benefits under the Back Pay Act of 1966, 5 U.S.C.A. §5596(b)(1), which provides that:

> an employee of an agency who . . . is found by appropriate authority under applicable law, rule, [or] regulation . . . to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee is entitled . . . to receive for the period for which the personnel action was in effect: (i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period; and (ii) reasonable attorney fees related to the personnel action which . . . shall be awarded in accordance with standards established under section 7701(g) of this title . . . .

The complaint seeks back pay and benefits for all hours worked since January 1, 2003, or such other time as is established.  Plaintiffs also seek attorneys' fees and costs. This litigation is currently in the early pretrial stage.

Defendant denies Plaintiffs' allegations in their entirety. Specifically, Defendant asserts that the Director never established the FBI Police force pursuant to § 540C and that the FBI Police force continues to operate under prior grants of statutory authority.  As a result, Defendant argues that the pay provisions did not come into effect.  Defendant also contends that it properly paid all of its current and former police officers.

## PERSONS ELIGIBLE TO RECEIVE THIS NOTICE

The named Plaintiffs have sought to sue on behalf of themselves and also on behalf of other employees with whom they are similarly-situated. The Judge has identified the class members (and persons eligible to receive this notice) as follows:

> All employees of the United States who were or are employed as a member of the FBI police during at least one pay period beginning after January 1, 2003, and who did not receive pay and benefits equivalent to the pay and benefits applicable to members of the United States Secret Service Uniformed Division as required by 28 U.S.C. § 540C.

This notification is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you are or were a police officer employed by the FBI at any time between January 1, 2003 and present, you may have a right to participate in this lawsuit. Enclosed you will find a document entitled "Plaintiff Consent Form and Declaration." If you choose to join this lawsuit, and thus participate in any recovery that may result from this lawsuit, it is extremely important that you read, sign and return the Consent Form and Declaration by mail to Plaintiffs' counsel at the following address:

> Passman & Kaplan
> Attn. Sandra Mazliah
> 1090 Vermont Ave., Ste 500
> Washington, DC 20005
> Telephone: (202) 789-0100
> Facsimile: (202) 789-0101
> SMazliah@passmanandkaplan.com

**The "Plaintiff Consent Form and Declaration" must be postmarked on or before sixty (60) days after the date of this Notice.**

## EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT

If you choose to join this action, you and Defendant will be bound by any ruling, judgment, or award, whether favorable or unfavorable. You will also be bound by, and will share in, any settlement that may be reached on behalf of the class. In addition, Passman & Kaplan will seek to be compensated for their efforts in litigating this case, at least 20% of all proceeds, and up to a combined 25% of all recovery, which will proportionately reduce the award that each class member would receive.  If you decide to participate in this action, you will incur at a minimum, $100 in costs during the litigation process.  If the action is successful, those costs may be recoverable.

You should also understand that if you join the lawsuit, then you may, but will not necessarily, be required to provide documents to Defendant's lawyers and/or attend a deposition and answer Defendant's lawyers' questions under oath.

If you do not join this action, you will not be bound by any ruling, judgment, award, or settlement, entered in this case, favorable or unfavorable. If you do not to join this action, you are free to take action on your own.

## STATUTE OF LIMITATIONS

The Back Pay Act has a statute of limitations of six years. If you choose to join this action and the Court finds in favor of the Plaintiffs, you may be able to recover back wages only during weeks you worked within six years of the date you file your "Plaintiff Consent Form." If you choose not to join in this action, then you may file your own action. Be advised that the clock will still be running on your time limit for filing your own action, if you do not join this lawsuit.

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the Back Pay Act.  It is a prohibited personnel practice to "take, fail to take, or threaten to take or fail to take a personnel action against an employee or applicant for exercising an appeal, complaint, or grievance right; . . . ."  Therefore, Defendant is prohibited from discharging you or retaliating against you in any other manner because you choose to participate in this action.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this case by filing a Plaintiff Consent Form, you will be agreeing to representation by Plaintiffs' Counsel:

> Sandra Mazliah, Bar No. 44074
> PASSMAN & KAPLAN, P.C.
> 1090 Vermont Ave., Ste 500
> Washington, DC 20005
> Telephone: (202) 789-0100
> Facsimile: (202) 789-0101

The Plaintiffs' attorneys are being paid on a contingency fee and/or statutory basis, which means that if there is no recovery, there will be no attorneys' fees. The specific terms and conditions of representation will be contained in a fee agreement entered into by Plaintiffs' attorneys and you.

## FURTHER INFORMATION

Further information about this lawsuit or this notice can be obtained by contacting attorneys for Plaintiffs:

> PASSMAN & KAPLAN, P.C.
> 1090 Vermont Ave., N.W., Suite 500
> Washington, DC 20005
> Tel:    (202)789-0100
> Fax:    (202)789-0101
> www.passmanandkaplan.com
>
> Sandra Mazliah
> SMazliah@passmanandkaplan.com
> Telephone: (202) 789-0100, ext 109
>
> Debra A D'Agostino
> DDAgostino@passmanandkaplan.com
> Telephone: (202) 789-0100, ext 110
>
> Joanna Friedman
> JFriedman@passmanandkaplan.com
> Telephone: (202) 789-0100, ext 108

You may also contact attorneys for Defendant:

> CHRISTOPHER BOWEN
> Trial Attorney
> Commercial Litigation Branch
> Civil Division
> Department of Justice
> Attn:  Classification Unit
> 1100 L Street, N.W., 8th Floor
> Washington, D.C.  20530
> Tel:  (202) 305-7594
> Fax:  (202) 514-8624

**YOU SHOULD NOT CONTACT THE COURT AT THIS TIME.**

## CONCLUSION

**ATTORNEYS FOR PLAINTIFFS HAVE BEEN PERMITTED TO SEND THIS NOTICE BY THE UNITED STATES COURT OF FEDERAL CLAIMS, THE HONORABLE EMILY C. HEWITT, UNITED STATES COURT OF FEDERAL CLAIMS JUDGE.**

**THE COURT HAS MADE NO DECISION IN THIS CASE ABOUT THE MERITS OF PLAINTIFFS' CLAIMS OR OF DEFENDANT'S DEFENSES.**

**IN ADDITION, THE COURT IS NOT ENCOURAGING INDIVIDUALS TO JOIN THIS LAWSUIT, NOR IS IT DISCOURAGING INDIVIDUALS FROM DOING SO.**

October _____, 2008

> _____
> Sandra Mazliah, Bar No. 44074
> PASSMAN & KAPLAN, P.C.
> 1090 Vermont Ave., N.W.
> Suite 500
> Washington, DC 20005
> Tel:     (202)789-0100
> Fax:     (202)789-0101
>
> Attorneys for Plaintiffs and the Class

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against the Federal Bureau of Investigation as a Plaintiff to assert claims against it for back pay, future pay, benefits and interest, for the Federal Bureau of Investigation's failure to pay me wages and benefits in accordance with 28 U.S.C. §540C.  Since January 1, 2003, and continuing throughout my employment with the Federal Bureau of Investigation, I have not been paid in accordance with the requirements of 28 U.S.C. §540C.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE _____     _____

(Signature in ink)

NAME     _____

ADDRESS _____

_____

HOME PHONE (____) _____

WORK PHONE  (___) _____

SOCIAL SECURITY NO. _____

**Fax or Mail To:**

Sandra Mazliah, Esq.
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Ste 500
Washington D.C. 20005
FAX:  202-789-0101

**PLEASE PRINT OR TYPE THE FOLLOWING INFORMATION, THEN SIGN AND DATE AT THE BOTTOM:**

PRINTED NAME _____

ADDRESS _____

CITY _____ STATE _____ ZIP CODE _____

HOME PHONE (____) _____ WORK PHONE  (___) _____

CELL PHONE (_____) _____

SOCIAL SECURITY NUMBER: _____ DATE OF BIRTH _____

E-MAIL _____

CONTACT PERSON (Person, other than my spouse, who will know my next address):

PRINTED NAME _____ CITY AND STATE _____

PHONE NUMBER _____ E-MAIL _____

LIST BELOW IN REVERSE CHRONOLOGICAL ORDER ALL POSITIONS YOU HAVE HELD SINCE JANUARY 1, 2003, THE INSTITUTIONS AT WHICH YOU WORKED, AND THE GRADE/STEP LEVEL AND DATES IN THAT POSITION:

| OFFICIAL JOB TITLE | INSTITUTION | GRADE | STEP | START DATE | END DATE |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | ___/___/___ | ___/___/___ |
| _____ | _____ | _____ | _____ | ___/___/___ | ___/___/___ |
| _____ | _____ | _____ | _____ | ___/___/___ | ___/___/___ |
| _____ | _____ | _____ | _____ | ___/___/___ | ___/___/___ |
| _____ | _____ | _____ | _____ | ___/___/___ | ___/___/___ |

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief.

DATE _____    _____

(Signature in ink)

# POWER OF ATTORNEY

**This is to certify that I,**

_____

**NAME**                                              **SSN**

_____

**ADDRESS**

_____

**CITY STATE ZIP**

_____

**PHONE (WORK)**                                    **(HOME)**

do hereby grant **PASSMAN & KAPLAN, P.C.,** attorneys at law, 1090 Vermont Avenue, N.W., Suite 500, Washington, D.C. 20005, **POWER OF ATTORNEY** to act for and on my behalf in all matters coincidental to my case, including the right to have access to records pertaining to me which are contained in records, reports, investigations, examinations or system(s) of records maintained by any agency or office of the Government of the United States, any state government, any municipal government, or any other governmental entity, including documents and records otherwise protected from disclosure under the Privacy Act, 5 U.S.C. § 552a.

Dated: _____       _____

                                                     Signature