# In the United States Court of Federal Claims

No. 07-589 C

(E-Filed: October 23, 2008)

| | |
|---|---|
| JEFFREY B. KING, SCOTT A. AUSTIN, KEVIN J. HARRIS, AND JOHN J. HAYS, on their own behalf and on behalf of a class of others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Back Pay Act; RCFC 23; Opt-In Class Action; Deadline for Defendant to Provide Contact Information as to Potential Class Members; Request for Briefing on Statute of Limitations |

Sandra Mazliah, Washington, DC, for plaintiffs.

Christopher Bowen, with whom were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

ORDER

Before the court are parties' Joint Status Report Regarding Further Proceedings (JSR), filed October 17, 2008, and plaintiffs' Supplemental Exhibit to Plaintiffs' Motion for Class Certification (Supplemental Exhibit), filed October 17, 2008. The complaint in this action, filed on August 2, 2007, claims that plaintiffs, FBI police officers working during at least one pay period after January 1, 2003, were denied pay and benefits mandated by 28 U.S.C. § 540C. Complaint (Compl.) 1. Plaintiffs claim that, pursuant to the Back Pay Act, 5 U.S.C. § 5596 (2006), they are entitled to compensation, back pay, restitution, and attorneys fees. Compl. 1. The court certified this action as a class action on September 26, 2008 and appointed Sandra Mazliah as class counsel. Opinion & Order of September 26, 2008 (September 2008 Opinion) at 2.

The JSR raises the following three issues: (1) whether defendant should provide plaintiffs with a "comprehensive listing" of potential class members on or before

November 7, 2008 or December 15, 2008, JSR 2, 3; (2) whether defendant should bear the cost of locating potential class members whose personnel information is not "within the FBI's direct control," JSR 3; and (3) whether the proposed Notice (Proposed Class Notice) submitted in the JSR satisfies the Rules of the United States Court of Federal Claims (RCFC) Rule 23(c).

For the following reasons, the court determines that defendant shall provide plaintiffs with a "comprehensive listing" of potential class members on or before November 21, 2008, and that defendant shall bear the costs of providing plaintiffs with contact information of potential class members. The court also notifies counsel that it will be issuing a revised class notice on or before November 7, 2008.

I.   Date for Defendant to Provide a List of Potential Class Members

The parties disagree as to the date by which defendant will provide plaintiffs with contact information of potential class members. JSR 2, 3. Plaintiffs propose November 7, 2008, JSR 2, and defendant proposes December 15, 2008, JSR 3. Plaintiffs suggest that "[d]efendant's proposed date creates statute of limitation problems for the potential class members." JSR 2.

The potential class members include:

> All employees of the United States who were or are employed as a member of the FBI police during at least one pay period beginning after January 1, 2003, and who did not receive pay and benefits equivalent to the pay and benefits applicable to members of the United States Secret Service Uniformed Division as required by 28 U.S.C. § 540C.

September 2008 Opinion 13. For this action the statute of limitations is six years "after such claim first accrues." 28 U.S.C. § 2501 (2006). There is a question whether the statute of limitations could be interpreted to bar claims of potential class members employed on January 1, 2003 who do not opt in to this action before January 1, 2009. The court determines that a deadline of November 21, 2008, affords defendant ample time to identify and provide plaintiffs with the required information, while increasing the likelihood that potential class members can be contacted and included in this class action before the possible expiration of the statute of limitations. The court is mindful that the statute of limitations is a jurisdictional bar, John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750, 754–55 (2008), and seeks to use all reasonably available means to contact potential class members. See RCFC 23(d) (empowering the court to "make appropriate

orders" in class action cases for the "fair conduct of the action" and for "the protection of the members of the class").

II.     Cost of Identifying Potential Class Members

Plaintiffs suggest that defendant bear the cost of identifying potential class members. JSR 3. Defendant agrees to cooperate with plaintiffs to locate class members "for whom an address is otherwise needed," but argues that "any efforts outside of the provision of the information within the FBI's direct control shall be at the class counsel's sole expense." Id.

Defendant shall provide to plaintiff, at defendant's own expense,[1] all known contact information of potential class members, including the last known address for any potential class member no longer working for the FBI. "All known contact information" includes full names, last known addresses, last known titles, last known telephone numbers, and last known email addresses found in defendant's employment records, including information under the direct control of the FBI, the Office of Personnel Management, or any other entity or agency of defendant retaining employment records of potential class members.

Once provided with all known contact information, plaintiff shall bear the cost of locating potential class members who are "not readily located based upon initial information provided by the government." See JSR 4.

The court believes that the foregoing cost-sharing arrangement is well-tailored to effectuate the notice provisions of RCFC 23(c). See RCFC 23(d) (empowering the court to "make appropriate orders" in class action cases for the "fair conduct of the action" and for "the protection of the members of the class").

---

[1] Based on the potential size of the class, see Court's Opinion & Order of Sept. 26, 2008 at 5–7, the court is of the opinion that the costs involved in defendant's obtaining the contact information for potential class members is "so insubstantial as not to warrant the effort required to calculate it and shift it to the representative plaintiff." See Oppenheimer Fund v. Sanders, 437 U.S. 340, 359 (1978). If the cost of obtaining the contact information is substantial, defendant, at its option, may file a motion explaining why the cost of obtaining such information is substantial. Any such motion shall, to the extent practicable, contain the exact costs to defendant of complying with this order.

III.   Notice to Class Members and Statute of Limitations

There is attached to the JSR submitted by the parties on October 17, 2008 a Proposed Class Notice to be sent to potential class members. The court will issue a revised class notice on or before November 7, 2008. The court intends that the revised notice will provide potential class members with "the best notice practicable under the circumstances" and be written "in plain, easily understood language" that "concisely and clearly" provides potential class members with the information required by RCFC 23(c). RCFC 23(c)(2)(B).

The court will also add a section to the Proposed Class Notice that informs potential class members that "a class member may enter an appearance through counsel if the member so desires." Id.

The court is concerned about the treatment of the statute of limitations in the Proposed Class Notice. The court directs the parties to submit briefing on or before Friday, October 31, 2008, regarding how the statute of limitations affects this class action. Specifically, and in addition to the parties' views of any other aspect of the application of the statute of limitations to this case, the court would like the parties' views on the following: (1) whether the six-year statute of limitations acts as a total bar to all claims by potential class members employed on January 1, 2003 who do not opt in to the class action before January 1, 2009; (2) whether the statute of limitations bars only those claims relating to any pay period more than six years before a plaintiff joins the class action; and (3) whether the commencement and/or certification of this class action satisfies the statute of limitations as to all potential class members. The parties may, on or before Wednesday, November 5, 2008, submit briefing responsive to the October 31, 2008 briefing.

IV.   Conclusion

For the foregoing reasons, the court determines that defendant shall provide plaintiffs with a list of potential class members and all known contact information for such potential class members on or before November 21, 2008; directs that defendant shall bear the costs of providing plaintiffs with contact information of potential class members; and notifies counsel that it expects to issue a revised class notice on or before November 7, 2008.

Class counsel shall file with the court on or before December 30, 2008, a motion to add class members, accompanied by a copy of a signed consent form for each additional class member joining the class action.

    The parties are urged to contact the court at any time, by motion, when they believe the involvement of the court will help to secure the just, speedy, and inexpensive determination of this action.  See RCFC 23(d) (empowering the court to "make appropriate orders" in class action cases for the "fair conduct of the action" and for "the protection of the members of the class"); RCFC 1 ("[The RCFC] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."). In particular, any objection to any portion of this order shall be filed on or before Monday, October 27, 2008.

    IT IS SO ORDERED.

                                            s/ Emily C. Hewitt
                                            EMILY C. HEWITT
                                            Judge