# In the United States Court of Federal Claims

No. 07-589 C

(E-Filed: August 4, 2010)

| | | |
|---|---|---|
| JEFFREY B. KING, SCOTT A. AUSTIN, KEVIN J. HARRIS, AND JOHN J. HAYS, on their own behalf and on behalf of a class of others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Motion to Substitute Class Counsel; RCFC 23(g), 83.1(c) |
| Plaintiffs, | | |
| v. | | |
| THE UNITED STATES, | | |
| Defendant. | | |

Sandra Mazliah, Washington, DC, for plaintiffs.

Christopher Bowen, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

ORDER AND OPINION

HEWITT, Chief Judge

Before the court is Plaintiffs' Motion to Add Class Counsel (plaintiffs' Motion or Pls.' Mot.), Docket Number (Dkt. No.) 77, filed on July 29, 2010, under Rules 23(a)(4), 23(g) and 83.1(c) of the Rules of the United States Court of Federal Claims (RCFC).[1] The complaint in this action, filed on August 2, 2007, claims that plaintiffs, FBI police officers working during at least one pay period after January 1, 2003, were denied pay and benefits mandated by 28 U.S.C. § 540C. Complaint (Compl.) 1, 3. Plaintiffs claim

---

[1] In response to an inquiry from the court, government counsel has indicated that defendant does not intend to respond to Plaintiffs' Motion to Add Class Counsel (plaintiffs' Motion).

that pursuant to the Back Pay Act of 1996, 5 U.S.C. § 5596 (2006), they are entitled to compensation, back pay, restitution, and attorney fees. Compl. 1. The court issued an order and opinion on September 26, 2008, granting class certification and appointing Sandra Mazliah of the law firm of Passman & Kaplan, P.C., as class counsel. Order of Sept. 26, 2008, Dkt. No. 28, at 10-11, 14. Plaintiffs now seek to substitute Joseph V. Kaplan, also of Passman & Kaplan, P.C., as attorney of record and lead counsel in this matter. Pls.' Mot. 1. For the following reasons, plaintiffs' Motion is GRANTED and Joseph V. Kaplan is APPOINTED class counsel.

I.  Substitution and Adequacy of Class Counsel

Generally, under RCFC 83.1(c)(4)(A)(i), a plaintiff "may seek leave of the court to substitute its attorney of record at any time by filing a motion signed by the party or by the newly designated attorney along with an affidavit of appointment by such attorney." RCFC 83.1(c)(4)(A)(i). When the previous attorney's consent to the substitution is indicated in the motion, as here, Pls.' Mot. 1, "the clerk will automatically enter the substitution on the docket." RCFC 83.1(c)(4)(A)(i)(I). However, under RCFC 23(g), "a court that certifies a class must appoint class counsel." RCFC 23(g)(1). "Class counsel must fairly and adequately represent the interests of the class." RCFC 23(g)(4). To determine whether an attorney will "fairly and adequately" represent the class, the court must consider:

> [(1)] the work counsel has done in identifying or investigating potential claims in the action; [(2)] counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; [(3)] counsel's knowledge of the applicable law; and [(4)] the resources that counsel will commit to representing the class[.]

RCFC 23(g)(1)(A). In addition, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." RCFC 23(g)(1)(B). Class counsel must be "qualified, experienced and generally able to conduct the litigation." Barnes v. United States, 68 Fed. Cl. 492, 499 (2005) (internal quotation marks omitted) (citing In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992)).

Joseph V. Kaplan, in the context of and with the anticipated support of the law firm of Passman & Kaplan, P.C. (the firm), satisfies the considerations set out in RCFC 23(g)(1)(A). As the court stated in its September 26, 2008 Order, the firm has investigated the current case, researched the applicable legal issues, and identified potential class members. Order of Sept. 26, 2008, at 10-11. The court noted at that time

that "the firm's senior partners, Edward Passman and Joseph Kaplan, are fully briefed on the status and issues in the complaint." Id. at 11 (internal quotation marks omitted).

Mr. Kaplan and the firm have "extensive experience handling class actions and other complex litigation and claims of the type asserted in this action." Pls.' Mot. 2. Mr. Kaplan has served as lead counsel and attorney of record in four class actions, the firm's involvement in which was previously cited by this court in appointing Ms. Mazliah as class counsel. Id.; Order of Sept. 26, 2008, at 11. Plaintiffs assert that "Mr. Kaplan has an able litigation team in place to assist him in the prosecution of the [p]laintiffs' claims." Pls.' Mot. 2. The firm "focuses its practice on employment matters affecting federal civil service employees, is well-published in the area of federal employment law, and has handled a number of class complaints involving an array of different federal employment matters." Id. In addition to the litigation efforts of Mr. Kaplan and two associates, Ms. Mazliah will continue to contribute to the case, and "the firm's other attorneys and paralegal have contributed to the case." Id. The court expects that class counsel will continue to "devote sufficient resources to this case" as previously assured by Ms. Mazliah and the firm. See Order of Sept. 26, 2008, at 11 (internal quotation marks omitted).

The court concludes that Mr. Kaplan, considered in the context of and with the anticipated support of the law firm of Passman & Kaplan, P.C., will fairly and adequately represent the class.[2] The RCFC allow for only "one attorney of record" and state that a party "must be represented by an attorney (not a firm)." RCFC 83.1(c)(1). All other attorneys shall be designated "of counsel." Id. This court appoints Joseph V. Kaplan as class counsel for the reasons discussed above.

II.   Conclusion

For the foregoing reasons, this court GRANTS plaintiffs' Motion and APPOINTS Joseph V. Kaplan as class counsel.

---

[2] Because the adequacy of the individual proposed as class counsel has been determined in the context of the support provided to him and to this litigation by the firm, the court may reconsider this decision if Mr. Kaplan should separate from the firm, or if the firm should become materially diminished or lack capacity to provide the support described in plaintiffs' Motion, or if the firm should dissolve during the pendency of this litigation. In any such event counsel shall promptly notify the court by motion to take notice of the event.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Chief Judge